FERAY
*v.*
FOOTE.

---

## STATE *v.* HASH.*

The accused had made certain statements as to his guilt to B. *Held :* that the District Judge did not err in permitting the statements of the accused to B. to go to the jury when the facts embraced therein had been corroborated by evidence *aliunde.*

Although an original confession may have been obtained by improper means, yet subsequent confessions of the same or of like facts may be admitted, *if the court believes*, from the length of time intervening, or from proper warning of the consequences of confession, or from other circumstances, that the delusive hopes or fears, under the influence of which the original confession was obtained, were entirely dispelled. *In the absence of any such circumstances* the influence of the motives, proved to have been offered, will be presumed to continue and to have produced the confession, unless the contrary be shown, and the confession will therefore be rejected.

APPEAL from the District Court of Morehouse, *Richardson*, J.

*F. P. Stubbs*, District Attorney, for the State. *D. Newton* and *W. A. Caperton*, for defendant and appellant.

SPOFFORD, J. The prisoner *Hash* has appealed from a sentence of death pronounced against him by the District Court of the parish of Morehouse, upon the unqualified verdict of a jury finding him guilty of the murder of *John Morris.*

His only ground of complaint against the ruling of the District Court is, that the testimony of *A. J. Bobo*, as to his alleged confessions in jail, was improperly permitted to go to the jury. The bill of exceptions sets forth, that the objections made to the admission of this testimony were but two : 1st, that at the time the confessions to the witness *Bobo* were made, the prisoner was still laboring under the influence of the threats and promises which had been held out to induce a previous confession, (which was offered and rejected on the trial ;) and, 2d, that it was not shown that the confessions were made uninfluenced by any threats or promises. To the bill of exceptions the Judge appended the following remarks : " there was a strong doubt on the mind of the court whether the entire confessions made by the prisoner to *Murrell* and *Bobo*, in the jail, were not admissible, but that doubt was given in favor of the prisoner, and only so much of the prisoner's declarations were permitted to be

---

* This case belongs to the Monroe decisions, having been omitted in its proper place.

given in evidence as were corroborated by other testimony. In order to preserve an accurate history of the proceedings the questions and answers of the witnesses were reduced to writing and annexed hereto."

It is stated in the printed argument, filed on behalf of the prisoner, that *Bobo* was the only witness who established or was permitted to testify as to the statements and confessions of the accused. The evidence, as taken down and attached to the bill of exceptions, discloses but two declarations of the accused, neither of which directly avows his own guilt: first, that the deceased was struck five times on the head with a stick; and, secondly, that he was struck with the stick exhibited on the preliminary examination before the magistrate. These we suppose to be the facts alluded to by the Judge as corroborated by extraneous evidence.

The sole question for us is, was there any error which we are bound to correct in the ruling of the Judge admitting in evidence these two statements of the prisoner to *Bobo?* *Bobo* it appears testified, that there were no threats, promises or inducements held out to the accused, but that the statements above detailed were the prisoner's voluntary answers to him. The facts, that the prisoner was ironed and that *Bobo* was the Sheriff, do not imply the existence of an improper influence which elicited the statements. Ten days had elapsed from the time when the prisoner's rejected confessions, induced by advice to throw himself upon the mercy of the court, had been made.

The rule laid down in *Guild's* case, 5 Halst., 163, is generally conceded to be sound. "In that case, upon much consideration, the rule was stated to be, that although an original confession may have been obtained by improper means, yet subsequent confessions of the same or of like facts may be admitted, *if the court believes*, from the length of time intervening, or from proper warning of the consequences of confession, or from other circumstances, that the delusive hopes or fears, under the influence of which the original confession was obtained, were entirely dispelled. *In the absence of any such circumstances*, the influence of the motives, proved to have been offered, will be presumed to continue, and to have produced the confession, unless the contrary be shown, and the confession will, therefore, be rejected." 2 Russ. Crimes, * p. 838; 1 Greenleaf Ev. 254.

The District Judges would seem, therefore, to have power, under the law, to infer that the original improper influence has ceased to operate either from the lapse of time or other sufficient cause. To give this court jurisdiction in a criminal case of a question of this class, the bill of exceptions must disclose, that the Judge erred in a conclusion of law and not in a deduction of fact.

Without deciding whether the lapse of time was sufficient in this case to obliterate the influence of improper advice upon the prisoner's mind, we are clear that the District Judge did not err in permitting the above statements of the accused to *Bobo* to go to the jury when the facts embraced therein had been corroborated by evidence *aliunde*. *State* v. *Moore*, 1 Hayne, 482.

It is, therefore, ordered that the judgment be affirmed, with costs.