## No. 11,665.

### FRANCIS B. WILLIAMS VS. VALERE LANDRY ET AL.

When there is a title of record in the archives of a parish, it is no part of the assessor's official duty to call in question the verity of that title and go back to a former title. Prescott vs. Payne, 44 An. 656.

The title of a purchaser in good faith, under recorded deeds and in actual possession, can not be defeated by non-registry of an anterior deed, however remote.

APPEAL from the Twentieth District Court, Parish of Assumption Guion, J.

Beattie & Beattie for Plaintiff and Appellant.

L. U. Folse for Defendant and Appellee.

Plaintiff alleging himself to be the owner of lots Nos. 1, 2, 3, 4, 5 and 6 of section 24, in township No. thirteen (13), south of range No. 12 East, west of the Mississippi river on the western shore of Lake Verrett, in the parish of Assumption, said lots constituting all that there is of said section, and averring that Valere Landry had illegally entered as a trespasser upon the same, claiming it as his property under a tax adjudication made to him on July 17, 1886, for taxes assessed in the name of James Steck or Dix which he (plaintiff) alleged to be an absolute nullity, prayed to be recognized as the owner of the same and to be quieted in the possession thereof.

Accompanying this demand was an application for an injunction against Landry (based upon an allegation that he had trespassed upon the land and cut therefrom many hundreds of trees which were still on the property, and which he feared Landry would sell and remove, and upon an allegation that he had reason to believe continued depredation upon the property) to restrain him from further depredations, and particularly from removing any of the trees felled or the wood cut by him. The injunction was granted and issued as prayed for.

Prior to the present suit plaintiff had brought a petitory action and had sued out another injunction restraining defendant from cutting trees on the land or hauling logs therefrom. That suit being still pending when the present one was brought was consolidated and tried with it. In this suit he fully set out his claim of title and further pleaded the prescription of one, two, three, four, five, ten, twenty and thirty years.

Defendant set up title as acquired by him in good faith under the tax adjudication referred to in plaintiff's pleadings. That after the said adjudication he took bona fide corporeal possession of the prop-

erty, and that he was still in possession of the same; that the adjudication vested in him is a valid and legal title; that it was made under a good and legal assessment, description and advertisement, and after the observance of all legal prerequisites of the law; he further pleaded, in bar of plaintiff's demand, the prescription of two, three, and five years. He alleged that he had been damaged by the plaintiff's maliciously sending men upon the land, who, under his orders, felled trees and cut logs thereon, and by the writs of injunction, in actual and punitory damages to an amount of five thousand dollars.

The District Court dissolved the two injunctions which had been issued upon plaintiff's application, sustained defendant's plea of prescription, recognized him as the true and legal owner of the property sued for, and quieted him in the possession of the same.

The plaintiff appealed.

_____

The opinion of the court was delivered by

NICHOLLS, C. J. Plaintiff and defendant both concede that the land in litigation once belonged to James Dick, under patents for the same issued to him. Plaintiff claims that Dick's title was vested in him through the various conveyances set out in his pleadings, while defendant maintains that Dick continued in the ownership of the property up to 1886, when he was divested of ownership by a tax sale made under an assessment of taxes on the property in the name of James Dix or Steck, and that at that sale he became the legal owner of the land by adjudication to him.

He contends that the slight variance in the name of the person assessed from James Dick to James Dix or Steck is immaterial; that the rule of "*idem sonans*" covers the variance, and that even if his title was not absolutely perfect, he is protected by the prescription of three and five years. The court sustained the claims of the defendant under his plea of prescription. The court held that there being no recorded evidence of a change in the ownership of James Dick, the assessor was legally authorized and justified in assessing the property in the name of James Dick; that an assessment in the name of James Dix or Steck was sufficiently similar in sound to assessment in the name of James Dick to save the assessment and sale under it from being absolutely void, and that if any defect in the title arose from the difference in the names of the person assessed, it was cured by the prescription set up. The court further

declared that it was by no means satisfied that the title of James Dick was vested in the plaintiff, as the will of James Dick seems to have been lost, and that although his nieces, Mrs. Partee and Mrs. Wallace, appeared by proceedings *dehors* the will to have been the legatees, the particular property left to each has not been fixed with certainty, and this particular property may have been bequeathed to Mrs. Wallace, not to Mrs. Partee. That there was no evidence of record in the parish of Assumption of the shifting of Dick's title to either one or the other. That under this condition of the record the assessor performed his duty in going back to the Dick title and making an assessment upon the faith of it, and in support of this proposition he cites the case of Prescott vs. Payne, 44 An. 656.

If in point of fact and law the property was legally liable to assessment in the name of James Dick in 1885, the question would be a pertinent one, whether an assessment in the name of James Dix or Steck was sufficiently near to the real owner's name to permit the assessment to stand, but if an assessment in the name either of James Dick, or of James Dix or Steck was illegal the question disappears entirely, and such was the case in this instance. It may be true that the will of James Dick was never recorded in the books of the recorder of the parish of Assumption, and that therefore there was nothing to show that James Dick had died, or to whom his property had been transmitted, but there was evidence of record of a date later than Dick's patents, showing that this particular property had been sold by Mrs. Sarah D. Partee, claiming to be the owner of the same under and through James Dick to Robert B. Brashear. The assessor should have stopped and acted upon this title, as the basis of his official action, and not gone back of it to the title of James Dick. It was no part of his duty, under the Prescott decision, to call in question the verity of the statements made by Mrs. Partee as to her ownership of the property. It was sufficient for his purposes to find Robert B. Brashear's title of record, and to assess the property as his. Had he done so, the principle announced in Prescott vs. Payne could have been invoked in aid of the assessment. It has been repeatedly held by this court that the title of purchasers in good faith under recorded deeds and in possession can not be defeated by non-registry of an anterior deed, however remote. The property in this case were swamp lands, of which if Brashear had never taken actual possession, so neither had James Dick.

There is no one before us claiming under a title through Dick, adverse to that of the plaintiff, who also acquired through Dick other than defendant, who goes no further back than to the assessment made in Dick's name, years after he had died, and the ownership of the property was, in fact, as it was of record, in the name of other parties. These swamp lands were not habitable; Dick and those holding under him held the possession resulting from ownership. We are of the opinion that plaintiff has sufficiently made out his title. There can be no question that Mrs. Partee and Mrs. Wallace were relatives and legatees of James Dick. She declared herself as the owner of these particular lands under and through Dick, as far back as 1856, and disposed of them as owner by a title placed of record in the place where the lands were situated. The title of her vendee has never been attacked. If Mrs. Wallace had any rights in the property she has slept upon those rights ever since 1849, when Dick died. Mrs. Partee was in possession of the patents to the lands, and they passed from her hands to those of her vendee and from him to the plaintiff. This fact, coupled with the failure of Mrs. Wallace to advance any claim to this property, authorizes us to assume at this period of time, and for the purposes of this litigation against a person holding under a title such as defendant presents, that Mrs. Wallace had no claim, and that Mrs. Partee became the owner of the property under the will of James Dick. That title under the evidence is shown to be now vested in the plaintiff. There is no necessity to apply the rules of prescription in aid of plaintiff's title, but simply the presumptions of ownership which flow from the facts stated.

The title of the property being, at the time of the assessment made by the assessor of the parish of Assumption, out of James Dick, and in that of plaintiff's authors, it was not divested by a sale made under an assessment, either in the name of James Dix or James Steck. The prescription of three and five years do not cover such a case. We are of opinion that plaintiff is entitled to a judgment decreeing him the ownership of the property claimed by him. We do not think ourselves in a position from the record to deal fully and advisedly with the question other than the ownership of the property raised by the plaintiff and defendant, and are of the opinion that the ends of justice will be best attained by remanding the case for the purpose of decision on the respective claims ad-

vanced, and to reinstate, pending the investigation of the rights of parties and for further action thereon, the injunctions which were set aside by the District Court.   For the reasons herein assigned it is hereby ordered, adjudged and decreed that the judgment appealed from be and the same is hereby annulled, avoided and reversed.   It is now ordered, adjudged and decreed that the plaintiff be and he is hereby recognized and decreed to be the owner of the property claimed by him herein, and that he be placed in possession thereof. It is further ordered, adjudged and decreed that the two injunctions which were set aside in this litigation by the District Court be temporarily reinstated to await the action of the District Court upon the various claims other than that of the ownership of the property which are set up by plaintiff and defendant herein, and that the case be remanded to the District Court for further proceedings and for adjudication of the claims between the parties not covered by this judgment.