The opinion of the court was delivered by
Blanchard, J.
The accused was indicted for breaking and entering in the night-time, without being armed with a dangerous weapon, .a dwelling, with intent to rape.
He was convicted and sentenced to seven years at hard labor. He ■appeals, and in support thereof urges, first, that when the case .was called for trial a motion on his behalf for a continuance was ■filed on the ground that he had not been served with a correct copy of the venire, and that the same was erroneously overruled. The motion complained that the copy of the venire served upon the accused did not show the residences, by wards of the parish, of the jurors. It appears that a correct list of the names of the jurors was served upon him. This was all the law requires. R. S. 992.
The act relative to juries, approved July 9, 1896, did not change the old law in this respect.
We have been referred to no enactment that requires an accused person to be informed of the wards of the parish in which the jurors, called to try him, live.
The accused next urges error on part of the judge a quo in overruling his motion for a new trial based on the averment that the verdict of the jury was contrary to the law and evidence.
The reason assigned by the judge, in the bill of exceptions reserved to his ruling, is: “ There was, in my judgment, ample evidence before the jury to convince them beyond a reasonable doubt *1601 of the guilt of the prisoner. They were so convinced, and I agree with them.”
He-supplemented this by an elaborate written opinion, reviewing the whole ease, and concluding with a denial of the motion.
Taking the facts as set out in that opinion we can not say the law which should govern the case has been either misinterpreted or misapplied.
The ruling of the court below, denying a motion for new trial based on the allegation that the verdict is contrary to the law and the evidence, will not be disturbed unless clearly erroneous. 35 An, 96; 36 An. 341; 39 An. 19.
The mere fact, it is true, of a man’s uninvited and unwelcome presence at night in the bedroom of a woman does not, in law, evidence by itself a purpose on his part to have carnal knowledge of her by force, if necessary.
But it is for the jury to weigh all the attending circumstances, the situation of the parties, the degree of their acquaintance, or intimacy with each other, the character, repute and position of the woman against whom the evil design is formed, the eonductand declarations of the accused before and after the attempt, etc.
Weighiug these in the instant case, it was the jury’s province to determine the intent with which the prisoner had entered by breaking the bedroom of the prosecutrix. By their verdict of guilty they found his purpose was to commit rape if that were necessary to the attainment of his end.
The fact that he actually .offered no violence and left when the girl threatened to call her brother, does not in itself establish in the eye of the law the proposition that he meant to persuade and not to force.
. If a man resolves on a criminal enterprise and proceeds so far in it that his act amounts to an indictable attempt, it does not cease to be such, though he voluntarily abandons the evil purpose.
“ This doctrine,” says Bishop, Crim. Law (6 Ed.) Vol. 1, Sec. 732, “may not be established absolutely beyond controversy, but it is reasonably so.”
“ Thus, if a man assaults a woman fully intending to ravish her, but this intent subsides before the act is committed, and he desists, he may still be guilty of assault with intent to commit rape.” Id., Vol. 1., Sec. 733.
On an indictment for a technical attempt the jury may take into *1602 view the nature of an act proved to determine the intent which prompted it.
‘‘ And it is a rule of criminal evidence that a man is presumed to intend the natural, necessary and even probable consequences of what he intentionally does.” Id., Secs. 734, 735.
The offender’s intent, it is true, must be specific, to proceed to violence if necessary, or otherwise do what will be rape in law. Id., Vol. 2, Sec. 1136.
In the case under review the jury, by their verdict, are considered as having found the intent to be specific.
The effect of the verdict is to completely exonerate the young lady from any imputation of connivance at the accused’s presence in her chamber at dead of night.
Two other bills of exception, found in the record, are considered abandoned, since they are not insisted on, or even referred to, in the brief and argument submitted by counsel for the appellant.
Judgment affirmed.