(35 South. 375.)

No. 14,938.

STATE v. ROBERTSON.

(Nov. 16, 1903.)

CRIMINAL LAW — EVIDENCE — CONFESSIONS— OBJECTIONS—EXAMINATION OF WITNESSES.

1. The evidence does not prove that defendant was intimidated, or that his confession was not free and voluntary. There was no inducement held out to defendant to confess. The confession was properly admitted in evidence.

2. Objection to the admissibility should be made at the time that the witness testifies and a bill of exception is reserved. It is not timely to urge the objection on motion for new trial, and then to take a bill of exception.

3. The examination of witnesses had been closed. It was a matter of discretion with the district judge to reopen it at that stage. It does not appear that his discretion was improperly exercised.

4. In ordinary cases the witness ought to be examined as to facts only, and not as to any opinion or conclusion. A witness must not be examined in chief as to his belief or persuasion. Starkie on Evidence, p. 172.

The testimony was not admissible, as it was a mere opinion or a suspicion of defendant's guilt. The fact that there was a greasy spot on defendant's coat was admissible as part of the res gestæ, if germane, but not the inference of guilt, or suspicion of guilt, or belief of guilt of the defendant.

5. Admissible and inadmissible evidence were embraced in one sentence (and generally sentences are not broken or interrupted) when admitted. Here, because of an opposing rule, part of the sentence was not admissible—that part which begins with the words "I believe."

The other point raised about taking down all the testimony has no merit. The point with reference to dates as fixed, regarding the jury, presents no ground requiring decision, as the defendant will have to appear before another jury drawn for another term.

(Syllabus by the Court.)

Appeal from Nineteenth Judicial District Court, Parish of Iberia; T. Don Foster, Judge.

Dudley Robertson was convicted of burglary, and appeals. Reversed.

J. R. Davis, for appellant. Walter Guion, Atty. Gen., and Edward Broussard, Dist. Atty. (Lewis Guion, of counsel), for the State.

BREAUX, J. The defendant, Dudley Robertson, was indicted by the grand jury of Iberia on the 2d day of June, 1903, for feloniously and burglariously breaking and entering in the nighttime the building in which J. J. Chiasson has his store. He was put on trial on the 12th of June, 1903. After hearing had he was found guilty of "breaking and entering," under section 850 of the Revised Statutes of 1876. His punishment was assessed by the trial judge at four years in the penitentiary. From the verdict and sentence he appeals.

The first bill of exception had been reserved after the verdict had been rendered, and contains the complaint that his confession of guilt used against him at the trial was extorted by fear and violence while he was in custody some eight miles distant from the jail, where he was held in custody about a day and a half; it appearing to him that he would never be taken to jail unless he confessed guilt, and that his confession was forced upon him as a matter of self-preservation.

The substance of the narrative of the trial judge on this point is that the accused was taken to the store it was suspected he had burglarized, and where he had worked for some time. He was kept there, although not under physical force, and, just before starting for the jail in a buggy with a deputy sheriff, he confessed that he had committed the crime.

The trial judge further, in substance, states that due foundation was laid, and that no objection or bill of exception was made or reserved; that, in his charge to the jury, he stated that the law was cautious and exacting in permitting confessions; and that, if they believed the confession was the result of threats and consequent fear, it was within their province not to give it consideration in finding their verdict.

We are informed by the record that the defendant failed to take a bill of exceptions to the ruling of the trial judge admitting the confession. We are further informed that no objection was made at all, and that the evidence of the confession was admitted with-

out objection. It is well settled by repeated decisions that errors in ruling on criminal matters are available on appeal only by exceptions. A defendant cannot, as in this case, take the chances of an acquittal, by permitting the evidence to go to the jury without objection, by directing the jury's attention arguendo to the illegality of its admission, and, if the jury find a verdict of guilty, then bring up the point by appeal by exception taken to the ruling on the motion for new trial. This view is clearly laid down in the books. None the less, ex gratia, we have gone a step further, and have given due consideration to defendant's contention that he was influenced by threats and violence to make the confession. The record of the facts does not sustain that contention.

We have not before us any evidence of any actual duress under which the defendant was placed at any time prior to his making the confession. We have seen that his assertion in the bill of exception, regarding intimidation, taken to the court's ruling on motion for new trial, is not sustained by the narrative of the trial judge, made part of the bill of exception, nor is it sustained by any evidence whatever.

The record does not show that there was any threat of harm, or any promise whatever. It does not appear that anything at all was said to the defendant to induce him to confess. The fact that he was at the store where he had been employed, and under some surveillance, as we infer, was not a threat and intimidation, of itself. Detaining him at this store does not have the appearance of having been entirely proper, and yet it is not cause to exclude the confession which he chose to make, and which was permitted by him to go to the jury without objection, and without reserving a bill of exceptions.

A confession without threat or promise is admissible in evidence, although the defendant was in custody. State v. Alphonse, 34 La. Ann. 9; State v. Perkins, 31 La. Ann. 192; State v. Hash, 12 La. Ann. 895.

If, as defendant asserts, his mere detention at the store he is charged with having burglarized was enough to cause him to apprehend bodily harm, he has failed to prove that fact, and therefore it cannot be considered as ground that his confession was not free and voluntary.

We pass to the consideration of the next bill of exception, which shows that the district attorney had closed the case in chief; the defendant, then opening his case, offered himself as a witness, and testified; and, after full examination, he was cross-questioned by the district attorney, and asked, "Did you not tell Mr. Arantial Segura that you had taken the money to buy a bed?" which defendant denied.

Arantial Segura, the last witness for the state, was called, and testified that the accused had said to him in his presence that he had taken the money to buy a bed, but that he did not need the money, as he would have a free bed. The witness Segura (to copy from the bill of exceptions) said "that, just before leaving with the accused in the buggy, the accused was tied, and was brought to town tied up."

Defendant's counsel cross-questioned this witness as to "how the accused was tied, and what limbs were tied."

The witness then retired from the stand, with the consent of counsel for the state and defendant; both having stated that they had no further questions to ask.

"The state announced its case closed, and defendant did the same. The state waived opening. Counsel for defendant then offered to introduce accused as a witness in rebuttal." On objection the court ruled that the case should not be reopened.

The facts were brought before the jury— the affirmation of the one, and the denial of the other—and it does not appear that there was necessity for re-examination of the witness.

Moreover, the examination had been closed. Under the circumstances, the ruling was correct. From the text of Law of Witnesses by Rapalje, p. 420: "Here, also, the rule is that the re-examination of a witness is within the discretion of the primary court, and cannot be reviewed by an appellate court."

No point seems to have been made regarding the fact that the defendant was tied. We must assume, without evidence to the contrary, that there was necessity for the officer's action in thus tying the defendant.

The defendant should not be subjected to unnecessary restraint. Restraint is not an illegal act when there is cause.

This brings us to another bill of exceptions,

showing that a witness (Derouen) was asked to state what he knew about the case, and that he stated words of a conversation held by witness with a third person in presence of defendant, showing by said conversation why the witness believed the accused guilty, all of which, with ruling of the court, is shown by the note of evidence marked "A," made part of the bill of exceptions.

The statement of the court, unquestionably correct, is:,

"Witness testified that he heard of the affair from Norres and the accused, and asked the accused, 'Dudley, did you do that stealing?' to which Dudley replied, 'No;' that Norres was then present. At that time Norres said: 'Look! he has grease on his coat pocket. I believe it is him.'

"Counsel for the accused objected in time, as relates to this objection, to any conversation or statement between witness and Norres, for the reason that they are of no effect, and matter of opinion of the witness, and by reason of their liability to create a false impression upon the jury, and not legal evidence."

"The court overruled the objection made by the defendant on the ground that the answer of witness does not purport to be any conversation between Norres and himself. It only indicates that Norres said he saw some grease spots on accused's coat. It has no tendency to show any conversation between Norres and witness out of the presence of the accused, and is merely a statement testified to by him as to what Norres saw on the accused, indicating a suspicion that he was the man."

We are constrained by rule of evidence to the conclusion that, as relates to the guilt or innocence of the accused, he is expected to meet, and must meet, all legal testimony relating to facts, but that a witness cannot be heard to state his opinion regarding the guilt or the innocence of the accused.

The argument for the state is that the evidence was admissible to show greasy spots. If connected with the case in any way, we also think it was admissible.

If stains on his clothing are admissible when a defendant is charged with murder, a greasy spot is admissible in a case such as here, if it goes toward showing that the defendant has stolen or has committed bur-glary. But we cannot go any further on this line. If a witness identifies the spot, and then says, "I believe the defendant is guilty of the crime," or words to the effect, the additional statement is not admissible.

Opinion testimony as to guilt or innocence is not admissible.

There was an inference regarding the spot which it was necessary to leave to the jury —whether or not it tended to convict—and this without evidence of the opinion of the witness. We agree with the Attorney General and the judge of the district court that there is no law requiring, in criminal cases, that all the evidence on the trial shall be taken in writing.

We do not think it necessary to pass upon the other point raised, as it is no longer of any possible moment; the case being remanded to be tried by another jury.

For reasons assigned, the judgment appealed from is avoided, annulled, and reversed, and the case is remanded for trial in accordance with views here expressed.