For reasons stated, the judgment is affirmed.

———

(42 South. 718.)

No. 16,364.

STATE v. CRAFT.

(Dec. 10, 1906. Rehearing Denied Jan. 7, 1907.)

1. CRIMINAL LAW — DEMONSTRATIVE EVIDENCE.

Where, in a case of homicide, the clothing worn by the deceased at the time of the killing is sought to be introduced in evidence by the state, after it had been affirmatively shown that it was in the same condition it was at the time of the homicide and had not been tampered with, it was not error in the court to allow the same to be used in evidence to corroborate the testimony of an eyewitness to the killing, in whose possession it had been continuously kept. Tardiness in producing the clothes was a fact going to the effect of the evidence, not to its admissibility.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, § 891.]

2. SAME—TRIAL—PRELIMINARY QUESTIONS OF FACT—QUESTIONS FOR JURY—HOMICIDE—PREVIOUS THREATS.

The decision of the Supreme Court in State v. Ford, 37 La. Ann. 444, touching the right of the trial judge to determine whether a proper foundation had been laid for the introduction of evidence of previous difficulties between the deceased and the accused, or as to threats made by the former towards the latter, is affirmed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, § 1701.]

3. CRIMINAL LAW—COPY OF TESTIMONY.

Defendant, in a criminal case, has not the right to require that the trial judge should order the clerk to take down, in writing, all the evidence of the eyewitnesses to the killing in advance of any testimony having been adduced or objection to testimony having been made. The judge's reservation of his right to have testimony taken in writing (of which privilege he did not avail himself) fully protected him.

Breaux, C. J., dissenting.

(Syllabus by the Court.)

Appeal from Twentieth Judicial District Court, Parish of Terrebonne; Louis P. Caillouet, Judge.

Hilary Craft was convicted of manslaughter, and appeals. Affirmed.

See 41 South. 550, 117 La. 213.

Suthon & Wurzlow, for appellant. Walter Guion, Atty. Gen., and Whitmell Pugh Martin, Dist. Atty. (Lewis Guion, of counsel), for the State.

Statement of the Case.

NICHOLLS, J. The defendant, indicted for the murder of William Bennet, was found "guilty" of manslaughter. He has filed no brief and made no appearance in this court.

The first bill of exception appearing in the record recites that on the trial of the case, being 16 months after the death of deceased and 6 months after the first trial thereof, the state sought for the first time to use in evidence the clothing worn by the deceased at the time of the killing, for the purpose of using the bullet holes in the same as corroborative evidence of the testimony of Paul Jackson and of Sarah Jackson, eyewitnesses. The evidence showed that this clothing, consisting of an undershirt and a blue "jumper," had been taken by Paul Jackson immediately after the shooting and had been in his possession ever since. Paul Jackson identified the clothing and testified that they were in the same condition as when he got them, except that they had been washed by his wife, Sarah Jackson; and he stated, further, that he had brought them

to court in case they might be needed. Counsel for the accused objected to the use of this clothing as evidence, on the ground that from June, 1905, when the difficulty occurred, to October 10, 1906, when the clothing was offered in evidence, they had been in the possession and under the control of Paul Jackson and his wife, hostile witnesses to the accused, and that the state, if it desired to use the said clothes in evidence, has been guilty of laches in not taking possession of same immediately after the shooting and preserving the same intact; that during the last 16 months it has been within the power of irresponsible people or persons hostile to the accused to practice any kind of fraud, or to manufacture any kind of corroborative evidence, by marking or altering the said clothes, or by putting bullet holes at any place they desired. It was a material point to both prosecution and defense to ascertain where the bullets entered, and the said clothing was used by the district attorney as corroborative of his theory of the case. The defense objected for the reasons stated above, but the court held that the garments could be admitted as evidence. Counsel for accused thereupon took a bill of exceptions, of which the foregoing is a formal note.

By the Court:

"Before passing on the objection and overruling it, the court required the state to prove, affirmatively, that the clothes had not been tampered with; that they had only been washed, and otherwise were in the same condition as when taken off the deceased; that they had remained in the possession of Paul Jackson all the time. Under the circumstances the court overruled the objection as going to the effect, rather than the admissibility, of the evidence.
"[Signed]          L. P. Caillouet.
"Judge 20th Jud. Dist."

The second bill recites that the defense offered to prove by Camille Porche, a witness on the stand, that on the night and day prior to the shooting between the deceased and the accused a difficulty had occurred between the deceased and the accused which was the origin of the trouble. This testimony was ruled out by the court. It was tendered after all of the eyewitnesses to the shooting had testified. The court held that, from its appreciation of the testimony of the eyewitnesses, no overt act on the part of the deceased had been sufficiently proved to lay the foundation for this testimony. Counsel for the accused then announced to the court (the jury having been retired) that the defense proposed to prove by this and other witnesses all the facts leading up to the difficulty, threats made by the deceased against the life of the accused, duly communicated to the latter, and also the bad and dangerous character of the deceased. The defense contended that the testimony of William Wiley, an eyewitness to part of the difficulty, and of Hilary Craft, the accused, clearly established an overt act by the deceased, and that the court could not arbitrarily reject their testimony. The testimony of Paul and Sarah Jackson negatived any overt act on the part of deceased, while that of Wiley and Craft affirmed the fact of an overt act by the deceased. The defense claimed that where the testimony was conflicting an overt act has at least been sufficiently shown to require the judge, in the exercise of a reasonable discretion, to presume that a sufficient foundation by proof of an overt act had been laid for the introduction of testimony of the character sought to be offered.

The court ruled that no overt act had been sufficiently proved, and maintained the objection of the district attorney, to which ruling of the court the counsel of the accused excepted and reserved this bill of exceptions.

By the Court:

"As the court understands the law on the point presented, it is the duty of the judge, not merely to determine the fact whether there be any evidence as to an overt act, but to

carefully consider, weigh, and appreciate all the evidence adduced on the question of the overt act vel non, and determine whether an overt act has been sufficiently proven and established to warrant the admission of evidence of a previous difficulty, prior threats, etc.

"Proceeding upon this theory of the case, the court carefully considered and weighed the evidence of the witnesses bearing on the question of the overt act, and reached the conclusion that the overt act had not been established with sufficient certainty to warrant the admission of the evidence ruled out. The court, in its opinion, found the testimony of the witness Wiley, on account of the patent contradictions contained in it and the reckless manner of testifying by the witness, due to his age or other cause, too unreliable for it to attach any importance to it. The accused in his testimony asserted that the deceased first opened fire on him, while the two witnesses, Paul and Sarah Jackson, testified that the accused had approached the deceased from behind and fired twice on him, while he (the deceased) was polishing his shoes. The court considered that on the showing made, the physical facts of the three wounds on the body of the deceased, while the accused was not wounded at all, and the full review of the evidence on the point, the overt act had not been sufficiently established, and for that reason ruled out the evidence sought to be introduced.

"[Signed]                    L. P. Caillouet,
                    "Judge 20th Jud. Dist."

The third bill recites that after the jury had been impaneled, and after one witness had been heard, viz., Dr. Thibodeaux, whose testimony was exclusively confined to the medical examination of the wounds of the deceased, the state placed upon the stand one Paul Jackson, an eyewitness to the shooting between the deceased and the accused. Whereupon counsel for the accused moved the court to order the clerk of court to reduce the testimony of the eyewitness to the difficulty to writing, so that the same might be annexed to and form part of any bill of exceptions that might be taken to the ruling of the court upon the mixed question of law and fact as to the sufficiency of proof of an overt act by the deceased. Counsel for the accused contended that it was the right of an accused to have such testimony taken in writing and the application was limited to the testimony of the eyewitnesses alone.

The court ruled that the accused was not entitled to have testimony of the character described above reduced to writing. A note was made by the stenographer of the filing of the motion of the application of counsel for the accused and of the ruling of the court denying or limiting the right of the accused to the relief prayed for, which note of evidence has been written out by the clerk of court as taken down by him and is hereto annexed and made part of this formal bill of exceptions.

Counsel for accused moved the court to order that the testimony of all the eyewitnesses to the alleged killing of William Bennet, the deceased, be reduced to writing by the clerk, for the purpose of preserving the same and for the preservation of such rights and means of defense as the law accords in criminal prosecutions for homicide; the said application being limited to those witnesses alone who were eyewitnesses to the said killing.

By the Court:

"At the time when this motion was made, there being no objection to the admissibility of any evidence made, nor bill of exception reserved, and only one witness having been sworn and heard, and he was not an eyewitness to the killing, and second witness having been just sworn, the court deems that the defense is not entitled to have all the evidence of all the witnesses taken and reduced to writing, regardless of the fact as to whether or not there be pending any objection to the admissibility of any evidence. The court overrules the motion and refuses to have all the evidence taken, reserving, however, at the same time to the defense the right to move the court to have the evidence taken on any point relating to the admissibility of evidence which may be raised during the course of the trial, as well as all evidence relating to any prospective bills of exception to be taken to the ruling of the court on any objection made, to again move the court to have such evidence taken in writing, at which time the court will pass upon the motion and allow the evidence to be taken.

"To which ruling of the court counsel for the accused excepts, and reserves this note and bill of exceptions on the ground that the witness now about to be examined is Paul Jackson, an eyewitness to the murder, and counsel for accused desire that testimony be reduced to writing for the purpose of attaching it to any bills of exception that may be hereafter taken upon the mixed question of law and fact as to the sufficiency of proof of an overt act;

counsel contending that they are unable to separate the testimony as indicated by the court and claiming that it should all be taken."

By the Court:

"The motion of defendant was to have all the testimony of the eyewitnesses reduced to writing, not merely that relating to the overt act, nor merely that of the witness just sworn to, but all the testimony of the eyewitnesses. The court refused to have all the testimony reduced to writing as prayed for, for reasons stated in the first per curiam, but reserved to defendant the right to move the court at any time to have the testimony relating to any mixed question of law and fact, raised at any time during the course of the trial, to be passed on by the court, and stated to counsel for accused that the court would then, as the occasion arose, cause the testimony on the point at issue to be reduced to writing, a privilege of which accused failed to avail himself. The court knows of no law or rule of practice requiring all the testimony of eyewitnesses to be reduced to writing.    State v. Robertson, 111 La. 35–40, 35 South. 375.

"[Signed]        L. P. Caillouet,
"Judge 20th Jud. Dist."

### Opinion.

We think the clothing worn by the deceased at the time of the killing was properly allowed to be introduced under the circumstances shown by the bill of exceptions. It is true that it was possible for it to have been tampered with while in the possession of Jackson and his wife; but it was shown affirmatively that as a fact it had not been in any manner changed from the condition it was in at the time of the homicide, otherwise than having been washed in the meantime, a circumstance not shown to have been in any manner prejudicial to the accused. The objection that the clothing was not produced earlier than it was is one going to the effect of the evidence, and not as to its admissibility.    State v. Dixon, 47 La. Ann. 5, 16 South. 589; Grimmett v. State (Tex. App.) 2 S. W. 631; Rice on Crim. Ev. vol. 3, p. 770; Lindsay v. People, 63 N. Y. 143; Underhill on Criminal Ev. p. 59, § 48.

In the second bill, counsel of the accused insists that in a case of homicide, where the evidence is conflicting as to whether the deceased at the moment of the homicide committed an overt act or not, it is the duty of the court to allow testimony to go to the jury to show that the deceased had made threats against the accused, or that there had been previous difficulties between the parties, and not exclude the evidence on the strength of its own decision that no overt act had been established, particularly on its own appreciation of the credibility of the different witnesses.

That question has been so often presented and passed upon by this court in favor of the right of the court to determine that question itself that it is no longer open for discussion, however much individual members of the court may question the correctness of the jurisprudence on that subject. The matter has been frequently commented upon, but the General Assembly has not thought proper to take any action, and, until it does, "stare decisis" must govern. We are bound to assume in this case that the court's conclusions were correct.

There is no issue in this bill as to the right of the accused to have the testimony of the witnesses taken in writing.

In giving the recitals of the third bill of exceptions, we inadvertently failed to refer to the following motion of the attorneys of the accused, which was included in the body of it:

"State of Louisiana v. Hilary Craft.
"State of Louisiana, 20th Judicial District Court.

"Now into court, through the undersigned, his counsel, comes Hilary Craft, accused, and moves the court to order that the testimony of all of the eyewitnesses to the alleged killing of William Bennet, the deceased herein, be reduced to writing by the clerk, for the purpose of preserving the same and for the preservation of such rights and means of defense as the law accords in criminal prosecutions for homicides; the said application being limited to those witnesses who were eyewitnesses to the said killing.
"Filed Oct. 10, 1906.
"[Signed]        E. C. Wurzlow, Clerk.

"Counsel for accused now presents a motion that the testimony of the eyewitness to the killing be reduced to writing by the clerk and stenographer."

The action of the district judge complained of by the accused and the reasons assigned by the judge for that action are fully set out and are not disputed.

It will be seen that at the time of this motion no offer had been made by the accused of evidence to show threats or previous difficulties, and no intention was disclosed of subsequently attempting to show that there had been such threats or previous difficulties. That was merely possible, and certainly was prospective.

The question submitted by the bill is whether or not, on the trial of a criminal case, counsel of accused has the right to require that all the testimony which should be given by eyewitnesses to the killing should be taken in writing by anticipation to meet the possible future use of his client, should an offer be subsequently made to introduce evidence of threats or previous difficulties.

We think the right claimed by the accused went beyond that accorded by Act No. 113, p. 162, of 1896, and the district judge was warranted in not recognizing it. The expenses of criminal proceedings would be greatly and needlessly increased if the correctness of counsel's position were admitted, and criminal transcripts would be uselessly burdened. We think appellant's rights were fully protected under the reservation made by the court, but he did not think proper to avail himself of the privilege accorded him. We find no ground for reversal.

The judgment appealed from is hereby affirmed.

See dissenting opinion of BREAUX, C. J., 42 South. 721.