(110 So. 557)

No. 28097.

## STATE v. LEONARD.

(Nov. 2, 1926. Rehearing Denied Nov. 29, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Searches and seizures** ⬦3—"Home of C. C. Leonard, situated at 3rd street, Alex., La.; near L. R. & N. Depot," held sufficient description in search warrant..

Description in search warrant of place to be searched as "the home of C. C. Leonard, situated at 3rd Street, Alex., La., near L. R. & N. Depot," *held* sufficient.

2. **Intoxicating liquors** ⬦249—Search warrant, charging particular violations of section "prohibiting the manufacture, sale, or possession of intoxicating liquors for beverage purposes," held sufficient recital of specific violation (Hood Act [Act No. 39 of 1921 (Ex. Sess.)] §§ 3, 5).

Search warrant, charging particular violations of Hood Act (Act No. 39 of 1921 [Ex. Sess.]), under section "prohibiting the manufacture, sale, or possession of intoxicating liquors for beverage purposes," which is section 3, *held* to comply with section 5, as to recital of specific violation.

3. **Criminal law** ⬦394—That liquor was found in defendant's garage in search without warrant held not to render testimony as to such finding inadmissible.

That garage of defendant was searched without warrant, and that liquor was found there by sheriff and other witnesses, does not

render testimony as to such finding illegal and inadmissible, in prosecution for possessing liquor for sale, where sheriff had warrant for search of defendant's home.

4. **Intoxicating liquors** ⬦236(6½)—Defendant's possession of liquor is fact question, which may be established by direct or circumstantial evidence.

In prosecution for possessing liquor for sale for beverage purposes, whether defendant possessed liquor *held* question of fact, which could be established either by direct or circumstantial evidence.

5. **Criminal law** ⬦385—Objection to admission of evidence, going to its sufficiency, held properly overruled.

Objection to admission of evidence, going to question of its sufficiency, rather than its admissibility, *held* properly overruled.

6. **Criminal law** ⬦1158(1)—Sufficiency of evidence held fact question, over which Supreme Court has no appellate jurisdiction (Const. 1921, art. 7, § 10, and article 19, § 9).

Sufficiency of evidence, in prosecution for possessing liquor for sale, *held* to be fact question, affecting guilt or innocence of defendant, over which Supreme Court has no appellate jurisdiction under Const. 1921, art. 7, § 10, and article 19, § 9.

7. **Criminal law** ⬦568—Intent may be inferred from facts and circumstances.

In absence of direct evidence, intent may be inferred from all facts and circumstances of case.

8. **Indictment and information** ⬦119—"Willfully, maliciously, and feloniously" may be regarded as surplusage in indictment for possession for sale of intoxicating liquor for beverage purposes under Statute (Act No. 39 of 1921 [Ex. Sess.]).

Indictment under Act No. 39 of 1921 (Ex. Sess.), alleging that defendant "did willfully, maliciously, and feloniously have in his possession for sale intoxicating liquor for beverage purposes, contrary to statute," *held* sufficient, though words "willfully," "maliciously," and "feloniously" do not appear in statute, since they may be eliminated as surplusage.

9. **Indictment and information** ⬦110(2)—Language of statute or of similar import is sufficient to charge statutory crime.

It is sufficient to charge statutory crimes in words of statute or in language of similar import.

Appeal from Ninth Judicial District Court, Parish of Rapides; Leven L. Hooe, Judge.

C. C. Leonard was convicted of possessing intoxicating liquors for sale for beverage purposes, and he appeals. Affirmed.

Overton & Hunter, of Alexandria, for appellant.

Percy Saint, Atty. Gen., Cleveland Dear, Dist. Atty., of Alexandria (E. R. Schowalter, Asst. Atty. Gen., of counsel), for the State.

LAND, J. Defendant has appealed from a conviction and sentence for the possession of intoxicating liquors for sale for beverage purposes.

The errors alleged to have been committed in the trial in the lower court are presented to our consideration in six bills of exceptions.

### Bills Nos. 1, 2, and 4.

These bills will be discussed together, as they relate to the admissibility of the testimony of the sheriff as to finding the intoxicating liquors in the home and in the garage of the defendant. It is contended that this testimony was not admissible, because the search warrant, which covered defendant's home only, was defective in certain particulars, and for the further reason that the sheriff declined to permit the defendant to read the warrant before making the search. The per curiam of bill No. 4 shows that, when the sheriff informed defendant that he had a search warrant defendant did not demand the reading of same and did not protest at the time of the search.

[1, 2] The objection that the search warrant offered in evidence by the state does not particularly describe the place to be searched and the thing to be seized, and the contention that it does not comply with Act No. 39 of 1921 (Ex. Sess.), in that no charges of specific violations of said act are contained in the warrant, are without merit in our opinion. The place to be searched, described in the warrant, is stated to be "the home of C. C. Leonard, situated at 3rd Street, Alex., La., near L. R. & N. Depot."

The particular violations of the Hood Act (Act No. 39 of 1921), set out in the warrant are declared to be under that section of the act "prohibiting the manufacture, sale, or possession of intoxicating liquors for beverage purposes." Section 3. This is a sufficient compliance with section 5 of Act No. 39 of 1921 as to recital of specific violation in the search warrant. Even if the same person should be engaged in the manufacture, sale, and possession of intoxicating liquors in his home, it would be going to the extremes of technicality to hold that no search of the premises could be had legally, unless each specific violation should be set forth in three separate and distinct warrants issued in the case.

Even indictments for specific violations of Act No. 39 of 1921 are not required to describe, either the act of manufacture, sale, or possession, or the intoxicating liquors manufactured, sold, or possessed for beverage purposes, except in general terms. For these reasons the search warrant issued in this case was legal and valid, and the testimony of the sheriff as to finding the liquor in the home of the defendant was admissible.

[3] The fact that the garage of defendant was searched without a warrant, and that liquor was found there by the sheriff and other witnesses, does not render the testimony as to such finding illegal and inadmissible. State v. Eddins, 161 La. 240, 108 So. 468.

### Bill No. 3.

Counsel for defendant objected also to the testimony of the sheriff and other witnesses as to finding the liquor in the garage, upon the ground that the offering and the evidence was immaterial and irrelevant, until proper foundation had been laid by the state, showing, either that defendant had put the liquor

in the place found, or had full knowledge of the fact that it was placed there by another, and that said liquor was in defendant's garage with his knowledge and consent.

[4] Whether defendant was in possession of the liquor in the case is purely a question of fact, which may be established either by direct or circumstantial evidence.

[5] The real objection of the defendant is as to the sufficiency of the evidence. His objection therefore goes to its effect and not to its admissibility, and was properly overruled.

### Bill No. 5.

[6] This bill is reserved to the overruling of a motion for a new trial on the ground that the verdict is contrary to the law and the evidence.

Counsel complains as to the sufficiency of the evidence to prove his possession of the liquor in the garage, and also as to his purpose to sell same, or to sell the liquor found in his home.

These are questions of fact, affecting the guilt or innocence of defendant, over which we have no appellate jurisdiction under the Constitution of 1921, art. 7, § 10, article 19, § 9.

[7] The trial judge declares, in his per curiam to this bill, that, "after hearing and weighing all the evidence adduced in the trial of the case," the court came to the conclusion "that the accused was guilty beyond a reasonable doubt; and therefore found a verdict of guilty as charged." This is not a case where there is no evidence at all as to possession, or as to purpose to sell. In the absence of direct evidence, intent may be inferred from all the facts and circumstances of the case.

### Bill No. 6.

[8] This bill was taken to the overruling of a motion in arrest of judgment on the ground that the indictment fails to set forth any offense, and particularly fails to charge a violation of Act No. 39 of 1921.

Defendant does not discuss this bill in his brief, and consequently we are not advised as to the nature of the substantial defects complained of as patent on the face of the indictment, which charges that defendant "did willfully, maliciously, and feloniously have in his possession for sale intoxicating liquor for beverage purposes, contrary to the statute," etc.

As neither of the words "willfully," "maliciously," or "feloniously," appears in Act No. 39 of 1921, their use in the indictment is mere redundance, and they may be eliminated as surplusage, thereby leaving the offense sufficiently charged in this case in the terms of the statute.

[9] It is a simple and elementary rule in criminal pleading that it is sufficient to charge statutory crimes in the words of the statute, or in language of similar import. If prosecuting officers will observe this rule, this court will be relieved of much unnecessary labor.

The conviction and sentence are therefore affirmed.

ROGERS, J., concurs in the decree.
OVERTON, J., takes no part.