(134 So. 84)

**STATE v. BLAKE.**

No. 31093.

March 30, 1931.

W. B. Massey, of Shreveport, for appellant.

Percy Saint, Atty. Gen., James U. Galloway, Dist. Atty., and Nash Johnson, Asst. Dist. Attorney., both of Shreveport, and E. R. Schowalter, Asst. to Atty. Gen., for the State.

BRUNOT, J.

The defendant was charged with unlawfully breaking and entering in the nighttime with intent to steal. He was tried for the offense, found guilty as charged, and sentenced to imprisonment in the Louisiana State Penitentiary, at hard labor, for two years. The appeal is from the verdict and sentence.

There are two bills of exception in the record. One was reserved to the overruling of a motion for a new trial, and the other to the overruling of a motion in arrest of judgment.

The motion for a new trial is based upon the insufficiency of the evidence, i. e., that no proof of intent was offered; hence the essential elements of the crime charged were not proven.

The intent with which a proven unlawful breaking and entering is committed may be inferred from the surrounding circumstances. Article 445, Code of Crim. Procedure. The trial judge states, as the proven facts, that the accused was caught by the officers in the act of breaking in, that he was pursued and arrested, and gave "hard times" as his excuse for the act, and that the building was a cleaning and pressing shop which contained clothing. No evidence was attached to the bill; hence the judge's statement of facts must be accepted as true.

The motion in arrest of judgment alleges that the information charges no crime known to the laws of this state. The charge is that John Blake, etc., "did unlawfully break and enter in the night time a certain building located on Texas Avenue and Fetzer Avenue, in the city of Shreveport, Louisiana, the property of the Cash & Carry Cleaners with the intent then and there to commit larceny."

The prosecution was under section 852, Rev. St., as amended by Act No. 72 of 1926. The defendant contends that the information does not charge him with breaking and entering any building specifically named and enumerated in said statute, but only charges him with breaking and entering a certain building. The pertinent part of the statute is as follows:

"Whoever, with intent to rob, steal, commit a rape, or any other crime, shall in the night time, break and enter into * * * any building, * * * occupied or used for any purpose whatsoever (other than as a dwelling), * * * on conviction, shall suffer imprisonment at hard labor not exceeding ten years."

Under the statute the crime is complete if any person, with intent to steal, in the nighttime, breaks and enters any building occupied or used for any purpose other than a dwelling. In the instant case the information does not allege the specific purpose for which the building was used, but the state proved, without objection on the part of the defendant, that the building was occupied and used for the conduct of a cleaning and pressing business, and, on the night of the burglary, clothing was stored therein.

In the case of State v. Drummond, 132 La. 749, 61 So. 778, 779, this court said:

"Insufficiency or incorrectness of descrip-

tion is not timely after verdict, or good in arrest of judgment; and defects curable by verdict cannot be assigned as error."

■ So far as the record shows, the defendant went to trial without protest of any kind, and made no objection to the testimony offered by the state. In State v. Robertson, 111 La. 35, 35 So. 375, this court said:

"Objection to the admissibility should be made at the time that the witness testifies. * * * It is not timely to urge the objection on motion for new trial, and then to take a bill of exception."

In addition to the foregoing we need only cite article 517 of the Code of Criminal Procedure, which follows:

"A motion in arrest of judgment lies only for a substantial defect, patent upon the face of the record."

For the reasons stated the verdict and sentence are affirmed.