PONDER, Justice.
 

 Tom Digilormo, the defendant, was charged in an indictment with procuring a person to forge the name of another to a public document, namely, a marriage license. He was tried, convicted, and sentenced to serve a term of not less than two years nor more than six years in the penitentiary. He has appealed from the conviction and sentence.
 

 Three bills of exception were taken by counsel for the defendant to the court’s ruling during the trial.
 

 Bill of Exception No. 1 was taken to the ruling of the court, admitting certain evidence in the case over the objection of the defendant’s counsel. While Lois Rowland, a witness for the State, was testifying in chief, the District Attorney sought to elicit from the witness what transpired between her and the defendant on the day following the commission of the alleged offense. Counsel for the defendant objected to these questions on the grounds: (1) That the evidence sought to be elicited is irrelevant, immaterial, and had no bearing on the innocence or guilt of the defendant; (2) that the evidence is not admissible for the purpose of showing or proving intent, device or scheme, since it relates to matters which occurred after the alleged offense was committed, and that it is too remote; (3) that the evidence is intended to prejudice and influence the jury in reaching its verdict.
 

 The appeal in this case was submitted on briefs without argument. There is no discussion of Bill of Exception No. 1 in the defendant’s brief, other than the statement that it is submitted without further argument. The answers to the questions objected to are not incorporated in the bill of exception, and there is no note of testimony attached to the bill, showing what the answers were. However, the court in its per curiam states that the testimony was admissible to show what the accused originally intended when he procured his sister to sign the name of Lois Rowland to the
 
 *900
 
 marriage license, and the question of intent to injure or defraud is one of the essential elements of the crime. We also find in the record a statement of facts by the trial judge which reads as follows: “This boy secured a marriage license to marry Lois Rowland, a 13 year old girl, claiming she was 18 years old, and then took his sister before a Justice of the Peace and went through a marriage ceremony with her, having her claim to be Lois Rowland and sign the marriage license as Lois Rowland.” The defendant was indicted with procuring Mary'Digilormo, his sister, to forge the name of Lois Rowland to a marriage license with the felonious intent to injure and defraud, under the provisions of Section 833 of the Revised Statutes of Louisiana, as amended and reenacted, and as incorporated in Dart’s Code of Criminal Procedure as Article 936. One of the essential elements of the crime is the intent to injure or defraud. The testimony is admissible to show this intent. Articles 441 and 446, Louisiana Code of Criminal Procedure.
 

 The defendant’s second bill of exception is leveled at the overruling of a motion for a new trial. The motion for a new trial is based on three grounds. The first ground is to the effect that the verdict is contrary to the law and the evidence. It is so well established that the ruling of a trial judge, refusing a new trial on this ground, will not be disturbed, it is unnecessary to cite authorities to that effect. The second ground urged in the motion for a new trial is to the effect that the jury erred in finding the defendant guilty as charged, for the reason that the marriage . license was not offered in evidence, nor was its absence explained. Counsel for the defendant states, in his brief, that the State, in direct contravention of the requirements of Articles 436 and 437 of the Code of Criminal Procedure, attempted to prove by parole that which could only be proven by a written instrument, namely, the marriage license to which the defendant is charged with procuring a forgery.
 

 . Articles 436 and 437 of the Code of Criminal Procedure read as follows:
 

 “436. Best evidence. — The best evidence which from the nature of the case must be supposed to exist, and, which is within a party’s control, must be produced.”
 

 “437. Written evidence — Proof of contents of unprocurable document. — Matters which can be proved only by written evidence can not be established by parol; but the contents of a document may be proved by parol, if its loss or destruction be shown, or if it is in the possession of the adverse party and he fails to produce it after reasonable notice.”
 

 It is also stated in counsel’s brief that the State introduced in evidence the application for a marriage license and the proces verbal of the marriage. It is further stated therein that the State offered in evidence what it purports to call a copy of the marriage license. It appears that counsel is under the impression that the copy of the marriage license was not admissible, for the reason that the proper foundation had not been laid for its admission in evidence, and that parol evidence
 
 *902
 
 was not admissible to show the forgery. We see no merit in the defendant’s contention, for the reason that he' acquiesced in the ruling of the trial judge in admitting the evidence. The failure to reserve a bill of exception at the time of the ruling operates as a waiver of objection and as an acquiescence in the ruling. Article 510 of the Code of Criminal Procedure. Obj ection to admissibility of evidence should be made at the time it is offered. It is not timely to urge the objection on a motion for a new trial. State v. Robertson, 111 La. 35, 35 So. 375; State v. Blake, 172 La. 258, 134 So. 84.
 

 The third ground set out in the motion for a new trial involves the subject matter covered in Bill of Exception No. 1, which we have already passed on.
 

 The defendant’s Bill of Exception No. 3 is leveled at the overruling of a motion in arrest of 'judgment. This motion is based on the ground that the indictment is defective and sets forth no offense known to the law of Louisiana, for the reason that it fails to follow the language of the statute in that it fails to set forth that the act of procuring a forgery was committed with intent to injure or defraud, “any person or any body politic or corporate.” In other words, the defendant’s complaint is leveled at the failure to add the words, “any person or any body politic or corporate,” in the indictment. The defendant contends that it is a settled and elementary principle of law that in prosecutions for statutory offenses, the indictment must follow the language of the statute, -or language equivalent to that used in the statute. We see no necessity to review the authorities cited by counsel for the defendant, for the reason that they involve cases decided before the adoption of the Louisiana Code of Criminal Procedure.
 

 Article 235 of the Code of Criminal Procedure authorizes the following form of indictment :
 

 “Forgery — A. B. forged a certain instrument .purporting to be a promissory note (or describe instrument or give its tenor or substance).”
 

 The present indictment follows this form. State v. Ducre, 173 La. 438, 137 So. 745.
 

 In the case of State v. Ducre, supra, the indictment contained these words, “with the felonious intent thereby to defraud,” which were held sufficient.
 

 For the reasons assigned, the conviction and sentence are affirmed.
 

 O’NIELL, C. J., concurs in the decree because no objection was made to the calling of the alleged forged instrument a marriage license, although the evidence indicates that it was the certificate or contract of marriage itself.