HAWTHORNE, Justice.
 

 Barbara Jean Vines, charged in a bill of information with the crime of obscenity denounced by R.S. 14:106(4), was tried, convicted, and sentenced to pay a fine of $305.-00 and serve 60 days in the parish prison, and in default of payment of the fine to
 
 *980
 
 serve an additional 30-days in.prison. From ■this conviction and sentence she has appealed.
 

 The statute she is charged with violating reads as follows:
 

 “A. Obscenity is the intentional:
 

 “ * * *
 

 - “(4) Performance'by any person or persons in the presence of another person or persons with the intent of arousing sexual desire, of any lewd, lascivious, sexually indecent dancing, lewd, lascivious or sexually indecent posing, letfr'd,’ lascivious or sexually indecent body''movement.”
 

 Appellant relies on only one bill of exception, which was taken to the overruling of her motion for a new trial, and all the evidence adduced and testimony taken at the trial have been attached to :and made part of this bill. She alleges in her motion as grounds for a new trial: “That the law and the evidence'is not' sufficient in law or in fact to sustain a verdict of guilty. That the testimony and' evidence is not' sufficient * * * to sustain a verdict of guilty. Thát the State did not prove each and every allegation * * * ' to such sufficiency * * •to sustain a verdict of guilty.”
 
 [1]
 

 Under Article 7, Section 10, of our ’Constitution the appellate jurisdiction of this court in criminal cases is on questions of law alone, and since the sufficiency of the evidence is a question of fact, the bill of exception raises nothing for our consideration. It is well settled in our jurisprudence that this court is without jurisdiction to pass on the sufficiency of the evidence in a criminal case. State v. Lassiter, 198 La. 742, 4 So.2d 814; State v. Nomey, 204 La. 667, 16 So.2d 226; State v. Cortez, 211 La. 669, 30 So.2d 681; State v. Mattio, 212 La. 284, 31 So.2d 801; State v. Williams, 213 La. 924, 35 So.2d 856; State v. Vallery, 214 La. 495, 38 So.2d 148; State v. Haddad, 221 La. 337, 59 So.2d 411; see also R.S. 15:516. Only where there is no evidence at all upon some essential element of the crime charged is a question of law presented which this court can review. State v. Wells, 147 La. 822, 86 So. 268; State v. Wooderson, 213 La. 40, 34 So.2d 369; State v. D'Ingianni, 217 La. 945, 47 So.2d 731; State v. La Borde, 234 La. 28, 99 So.2d 11.
 

 This holding for all intents and purposes ends "the case.
 

 In brief filed in this court appellant now urges that there was no evidence or testimony to establish the intent necessary for the commission of the crime, and this argument would present’a' question of law. This contention was not urged in the lower
 
 *982
 
 court on application for a new trial or in the hill of exception taken to the overruling of that motion, and consequently is not before this court. Be that as it may, however, since counsel has devoted almost his entire brief to this issue and relies heavily on his argument on this point, we shall proceed to answer this contention.
 

 The charge grew out of the movements and actions of the appellant in what is commonly called a “striptease dance” in a nightclub. Appellant calls our attention to the provision of the statute that the performance must be “with the intent of arousing sexual desire”, and argues that the officer who witnessed the performance testified only as to the manner in which it was given and “did not testify that he, nor anyone else, was sexually aroused or stimulated”. The fact that the performance of appellant was not shown to have produced sexual desire in the officer or any other person is immaterial, for the statute does not require that sexual desire be actually aroused; all that is required under the statute is that the performance be made with the
 
 intent
 
 of arousing sexual desire.
 

 Intent is a question of fact, and may be inferred from any facts and circumstances that may be shown to exist in the case, and thus is a matter for the trier of fact. There is ample authority in our law on this point. R.S. 15:445 provides: “In order to show intent, evidence is admissible of similar acts, independent of the act charged as a crime in the indictment, for
 
 though intent is a question of fact, it need not be proven as a fact, it may be inferred from the circumstances of the trans
 
 action.” (Italics ours.) State v. Swayze,, 30 La.Ann. 1323; State v. Walker, 37 La.Ann. 560; State v. Underwood, 49 La.Ann.1599, 22 So. 831; State v. Colomb, 108 La. 253, 32 So. 351; State v. Leonard, 162 La. 357, 358, 110 So. 557; State v. Blake, 172 La. 258, 134 So. 84; State v. Garner, 241 La. 275, 128 So. 655.
 

 All the testimony taken at the trial, as stated previously, was attached to the bill, and appellant’s performance, movements, and actions are described in detail by the witness. From the circumstances shown by the evidence the inference is inescapable that appellant performed these movements and actions with the intent of arousing sexual desire. There being some evidence tending to establish this element of the crime, this contention is without merit.
 

 For the reasons assigned the conviction and sentence are affirmed.
 

 [1]
 

 . In tlie motion for .a new trial the accused contends that the statute which she is charged with violating is unconstitu.tional. She has not urged this contention on appeal, evidently having abandoned it because it was without merit.