302 So.2d 284 (1974)
STATE of Louisiana
v.
C. L. MOORE, Jr.
No. 54926.
Supreme Court of Louisiana.
October 28, 1974.
Joseph A. Cusimano, Jr., Holloway, Baker, Culpepper & Brunson, Truett West, Farmerville, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Regan D. Madden, Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
This out-of-time appeal was granted following defendant's conviction of aggravated burglary. A bill of exceptions was reserved when the trial court overruled a motion for a directed verdict at the conclusion of the State's case. Defendant contended that the State failed to produce any evidence that his unauthorized entry of the dwelling of Doris Brantley was "with the intent to commit a felony or any theft therein." (R.S. 14:60).
Aggravated burglary is defined in R.S. 14:60:
"Aggravated burglary is the unauthorized entering of any inhabited dwelling, or *285 of any structure, water craft, or movable where a person is present, with the intent to commit a felony or any theft therein, if the offender,
"(1) Is armed with a dangerous weapon; or
"(2) After entering arms himself with a dangerous weapon; or
"(3) Commits a battery upon any person while in such place, or in entering or leaving such place. "Whoever commits the crime of aggravated burglary shall be imprisoned at hard labor for not less than one nor more than thirty years."
The evidence in the case showed that the victim, Mrs. Brantley, was awakened in her home on the night of December 25, 1971. Upon investigation, she discovered the defendant, whom she recognized, hiding in her den. The defendant struggled with Mrs. Brantley, choked her and escaped from the window which he had broken in order to gain access to the house. The only property missing after the escape of the defendant was the holster of Mrs. Brantley's pistol. She had carried the pistol, in its holster, while she searched for the intruder.
Defendant's argument on motion for directed verdict was that, although there was evidence of the other elements of aggravated burglary, there was no evidence of the intent of the defendant when he gained the unauthorized entry into the dwelling. R.S. 15:445 provides in part that "though intent is a question of fact, it need not be proven as a fact, it may be inferred from the circumstances of the transaction." The jurisprudence of this State and the statutory authority are in agreement. State v. Vines, 245 La. 977, 162 So.2d 332 (1964); State v. Blake, 172 La. 258, 134 So. 84 (1931); State v. Howard, 162 La. 719, 111 So. 72 (1927); State v. Leonard, 162 La. 357, 110 So. 557 (1926). There was evidence here, concerning the "circumstances of the transaction," that the defendant left muddy footprints on the wall of the building beneath the window where he entered, that he broke the windowpane, that he left footprints on the window sill after he had forced the window open, that he had entered, late at night, the house occupied by a woman, that he had hidden while she searched for the intruder, and that he had attacked her, choking her seriously enough to leave bruise marks about the neck and arms of the victim before he made his escape. His automobile was seen parked along a dark country road two hundred yards from the victim's house. These are circumstances from which the jury could infer that the defendant, when he broke into the victim's house, intended "to commit a felony or ... theft therein."
The bill of exceptions is without merit.
Defendant further argues that the bill of indictment was inadequate, because it failed to inform the accused of the felony he intended to commit when he made the unauthorized entry.
The bill of indictment charged that the defendant did "commit aggravated burglary of the dwelling of Doris Brantley ..." The indictment was drawn precisely according to the form prescribed for aggravated burglary in C.Cr.P. 465(13):
"Aggravated BurglaryA. B. committed aggravated burglary of the dwelling of C. D.; or ..."
Defendant contends that he has been denied the constitutional protection of Art. 1, § 10, La.Const. of 1921 which provides that "the accused shall be informed of the nature and the cause of the accusation against him ..." This court has frequently upheld short form indictments against such constitutional attacks. State v. Barksdale, 247 La. 198, 170 So.2d 374 (1965) and cases cited therein. See: 25 Tul.L.Rev. 121 (1950); 6 La.L.Rev. 78 (1944).
The short form indictment for aggravated burglary is not unconstitutional for failure *286 to inform the defendant of the nature and cause of the accusation against him.
The conviction and sentence are affirmed.