## STATE v. PATRICK KENNEDY.

The Supreme Court has no jurisdiction over the conclusions of the lower court on the mixed questions of law and fact raised by an affidavit for a continuance in a criminal case.

Decision in *State* v. *Johnson* ante, p. 422, affirmed.

The Supreme Court, as a court of error, or an appellate court, for the consideration of questions of law only, is without authority to reverse the judgment of the lower court in a criminal case, except upon a clear showing that there has been error committed in the proceedings of the lower court, and that the appellant has been prejudiced by it.

Bill of exceptions to the order of the judge directing the clerk to commence calling the jury list at No. 70. *By the Court:* The industry of counsel has not furnished us with any adjudged case, nor have we been able to find any, in which it has been held that it was error if the jury were not called to the book in the order in which they were placed on the list served upon the accused. There is nothing in the statute which directs the order in which the jury are to be called to be sworn, nor which requires the names to be set down on the list in the order in which they are drawn, although that is the more regular and natural mode of transacting the business. The statute which provides that the accused shall be furnished with a list of the jury who are to pass upon his case, at least two days before his trial, does not require that the list should be numbered. Yet, we believe the practice is almost universal, (and it ought not unnecessarily to be departed from) to number the list, and in capital cases to call the jurors in the order of their numbers.

It is not sufficient for the accused to show a mere irregularity in the manner in which the jury is called—he should show that he has been prejudiced by the action of the court in that particular.

APPEAL from the First District Court of New Orleans, *Robertson*, J. *Moïse*, Attorney General. *Field*, for appellant.

MERRICK, C. J. The prisoner and *James Doyle* were indicted for the murder of *James Cruise.*

The prisoner was tried alone, and an unqualified verdict of guilty having been rendered against him, he was sentenced to be executed.

On his appeal to this court, he urges for the reversal of the judgment of the District Court, what may be embraced in three grounds. They are in substance as follows, viz:

1st. The court erred in refusing the accused a continuance on his affidavit showing the absence of his material witnesses.

2d. The court erred in proceeding to trial in the absence of a large number of the jurors who were not, and had not been in attendance; three of whom were excused by the court.

3. The court erred in not allowing the names of the jurors to be placed in a hat or box and drawn therefrom one by one and so tendered the accused, and in refusing to commence the calling of the jurors from the head of the list, and by commencing the calling of said jury from No. 70 of the list.

I. It has been so often decided by this court that we have no jurisdiction over the conclusions of the lower court on the mixed question of law and fact raised by an affidavit for a continuance in a criminal case, that it is sufficient to refer to those decisions as an answer to the first ground urged by the appellant.

See *State* v. *John Johnson*, 11 An., p. 422, and authorities there cited, viz: *State* v. *Hunt*, 4 An., 438; *State* v. *Long*, Ib., 441; *State* v. *Butte*, 6 An., 661; *State* v. *Cazeau*, 8 An., 114; *State* v. *Muldoon*, 9 An., 24.

II. The second ground of reversal presented was considered by us in the case of the *State* against *Johnson*, just cited. The jury list, in this case, is the same as served upon the defendant in that case, and the reasoning of the court in that case is applicable to this. The only difference between the case of *Johnson* and the present, consists in the remark of the judge annexed to the bill of exception in this, which was not a part of the bill of exception in that case. The remark is in these words: "The court had made extraordinary efforts to obtain a full panel. Some of the jurors on the list had been placed there, as they were well known citizens and it was thought that they could be obtained; but, owing to the prevalence of cholera, and other causes, many jurors were never in attendance, though repeated attachments had been issued," &c.

It has been argued to us, although not a ground of exception taken in the bill, that this bill of exception shows that instead of drawing the jurors as required by law, the judge has arbitrarily placed upon the pannel the names of certain well known citizens to serve in the place of the jurors who did not attend. We do not think the language of the judge will bear the construction contended for by the accused. It is not to be presumed, except upon the clearest showing, that the District Judge so far forgot his duties, as to prepare a list of jurors, because they were well known citizens and might be supposed willing to serve. The law has intrusted the duty of drawing the jury to the sheriff, even to supply the absence of jurors when a sufficient number are not in attendance to transact the business of the court. We are therefore bound to conclude that the expression of the judge contained in the bill, was merely an opinion which he entertained of the jury as it had been originally drawn.

On the authority, therefore, of the case of the *State* against *Johnson*, to which we refer for the reasoning of the court on this point, we conclude that the second objection is untenable.

III. The third error alleged is presented by the following bill of exception, viz:

"Be it remembered that at the time this cause was called for trial, and before any of the jury had been sworn, the defendant, who notwithstanding his objection had been ruled to go to trial, moved the court to have the names of the jurors found on the list served on the accused, to be placed in a hat or box, to be thence drawn by the clerk or sheriff, one by one, and tendered as jurors, which motion the court overruled; whereupon the accused moved the court to require the clerk to call the jurors from the head of the list, which motion the court likewise overruled and began the calling at No. 70 on the list, to which rulings of the court the defendant by his counsel excepts," &c.

This court, as a court of error, or an appellate court for the consideration of questions of law only, is without authority to reverse the judgment of the lower court in a criminal case, except upon a clear showing that there has been error committed in the proceedings of the lower court, and that the appellant has been prejudiced by it.

The industry of counsel has not furnished us with any adjudged case, nor have we been able to find any, in which it has been held that it was error if the jury were not called to the book in the order in which they were placed on the list served upon the accused. There is nothing in the statute which directs the

order in which the jury are to be called to be sworn, nor which requires the names to be set down on the list in the order in which they are drawn, although that is the more regular and natural mode of transacting the business. The statute which provides that the accused shall be furnished with a list of the jury who are to pass upon his case, at least two days before his trial, does not require that the list should be numbered, yet we believe the practice is almost universal, (and it ought not unnecessarily to be departed from) to number the list, and in capital cases, to call the jurors in the order of their numbers. It is the practice, in the case of high treason, in England, to call them in the order of the list. 1 Chitty Crim. Law, p. 532. We know that the practice in civil cases and in misdemeanors, in many parishes of this State, is to call the jury in such a manner as to divide the labor of the jury trials during the term among all the jurors in attendance, and not impose upon the first named on the list the labor of the term. And such, we were informed in the argument, was the object of the judge of the District Court by commencing the call of the jurors in this case at number seventy of the list. A comparison of the jury empannelled with the jury list shows that four of the jury between numbers seventy and eighty-two (the last number on the list) were sworn as jurors, that the residue of the jury accepted and sworn were taken from between numbers one and twenty-three. Indeed, the bill of exception does not complain that the jury were not consecutively called from the number at which the calling commenced, but that the court refused to commence calling from the head of the list. That the jury called were not legal, competent and impartial jurors, (*legales homines*), is not pretended; nor is it shown that the accused was taken by surprise by the mode in which the calling of the jury to the book was conducted, nor that he even used, much less exhausted, his challenges, in order to prevent men with whose character he was not familiar from being placed on the jury. On the contrary, the accused first desired the court to place the names of all of the jurors on the list in a hat or box, and to draw the jury one by one therefrom, thus showing a willingness that the jury should be taken from any part of the list as chance should determine.

Moreover, he seems to have anticipated the action of the court by his motion to commence the calling of the jurors from the head of the list. We are therefore unable to see in what manner the accused has been prejudiced by the mode in which the jurors were called from the list; for it must be conceded they were as competent and impartial at the one end of the list as the other.

We have already observed, that it is not sufficient for the accused to show a mere irregularity in the manner in which the jury were called, he should show that he has been prejudiced by the action of the court in that particular. Had the bill of exceptions shown that the accused was taken by surprise by the unusual manner in which the jurors were called, and that he had been compelled to exhaust all his challenges to protect himself against such action of the court, or that the court arbitrarily and without cause, directed the jury list to be called in an unusual manner, a different case would have been presented from the present. Whether sufficient to occasion the reversal of the judgment, it does not become us now to determine.

We have already intimated that the court did not err in refusing to put the names of the jurors in a hat or box, and draw them therefrom. This is done by statute in England in ordinary cases only; but even there, in those cases

STATE
v.
KENNEDY.

where the list is served on the accused, they call from the list in its order. But the accused has so little of a vested interest, so to speak, in the jurors, that the State always exercised, the arbitrary right of setting aside any of the jurors in the pannel, until it is gone through with, whereupon the jurors which have been set aside, are then called, and if not challenged by the accused, they are sworn, unless cause is shown on behalf of the crown. Wharton, Crim. Law, 839, note v.

Such is still the practice in the United States Courts, and such was the practice of this State from the passage of the act requiring the indictment and list of jurors to be served upon the accused, until the enactment of the Statute of 1837, p. 42, which took from the State the power to set aside jurors, and gave in lieu thereof six peremptory challenges. If it was not error in the State to set aside the jurors as called, at its pleasure, under the Act of 1804, it cannot be error now, under the same statute, for the Judge simply, for a cause tending to facilitate the transaction of the public business, to commence at a particular number on the list, and call the same consecutively until a petit jury is formed or the pannel exhausted.

Judgment affirmed.