No. 9218.

THE STATE OF LOUISIANA VS. GEORGE WASHINGTON, *alias* GEORGE. BARTLEY.

A prisoner who, for want of a safe jail in the parish, is confined in the jail of an adjoining parish, remains in the legal custody of the sheriff and subject to the jurisdiction of the court of the parish where he is under prosecution, and service on him of notice of trial and list of jurors by sheriff of the latter parish, though made at the jail in another parish, is a sufficient compliance with R. S. Sec. 992.

When after three jurors are empanelled, accused for the first time objects that the list had not been called in regular order, and when, thereafter, the names are so called as required, no ground of complaint exists.

After trial begun and jury partially empanelled accused cannot obstruct progress of trial by requiring attachments for absent jurors.

State vs. Washington.

A PPEAL from the Twenty-sixth District Court, Parish of Jefferson.
    *Hahn*, J.

*M. J. Cunningham*, Attorney General, *G. Lèche*, District Attorney,
and *A. E. Billings*, for the State, Appellee.

*A. Sambola* for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J.   The first bill of exceptions is to the refusal of a
continuance applied for on two grounds, viz:

1st.  That notice of trial and list of jurors were not legally served
upon him nor in due time.   It is admitted that they were delivered to
him more than "two entire days before the trial," which, as to *time*, is
a full compliance with the requirement of Sec. 992, R. S.   As to the
*mode* of service, it appears that, owing to the absence of a safe jail in
the parish of Jefferson, the prisoner was confined in the jail in New
Orleans, and the service was made there by the sheriff of Jefferson.
Although confined in New Orleans, he was still in the legal custody of
the sheriff of Jefferson and subject to the jurisdiction of the Jefferson
court, and we think the service was properly made.   The statute sim-
ply requires that the list and notice should be "*delivered*" to the
prisoner, and while it no doubt contemplates an *official* delivery, we
think the requirement was fully complied with here.   Besides, even
had the service been irregular, there is no showing of injury, and, as
his counsel resided in New Orleans, the presence of the prisoner there
increased his convenience for consultation.

2nd.   Because the defendant was deprived of the service of the coun-
sel of his choice, who was unable to defend him by reason of the fact
that he was district attorney of an adjoining district.   The ground is
frivolous, since it invoked a continuace until a certain attorney should
cease to be a district attorney, and thus be in a position to become his
counsel, which he was not at the date of trial.

The second exception complains that the jurors were not called in
the order in which their names appeared on the jury list.   The judge
explains that the jury-list had been previously called, and certain
jurors being found absent or excused their names were omitted in the
calling in this case; that accused did not object to this until three
jurors had been empanelled, and that, after his objection, the calling
was made according to his wish.   Certainly no error is apparent in
this.

The third and fourth bills are leveled at the action of the judge in calling talesmen after exhaustion of the regular jurors present and in refusing to issue attachments for the absent jurors. The application for attachments was not made until after three jurors had been empanelled, and the action of the judge is fully sustained by repeated decisions of this court. State vs. Saunders, 37 Ann. 389; State vs. Farrer, 35 id., 316.

Judgment affirmed.