State vs. Woodson.

## IV.

## No. 1415.

### THE STATE OF LOUISIANA VS. DAVID WOODSON.

The refusal of the trial judge to order that the names of the petit jurors, previously drawn and placed on the list handed by the clerk to the sheriff, be put in a box and drawn therefrom, is not error, when such course was the usual mode of calling and selecting the members of the petit jury, in the local practice, in the absence of adverse legislation.

APPEAL from the Twenty-second District Court, Parish of Ascension. *Duffel, J.*

*R. McCulloh* and *John N. Ogden*, District Attorneys, for the State, Appellee:

A grand jury drawn with one disqualified person upon it is not thereby vitiated. Secs. 4, 5, 6 and 10, Act 44, 1877.

The incompetent juror being excused, the remaining fifteen can find a bill. 11 An. 827; 15 An. 193; People vs. Butler, 8 Cal. 435; A. and C. Ency. of Law, p. 6, Vol. 9.

There is no injury to defendant by the finding by fifteen. Bishop Criminal Pro., Vol. 1, p. 505, Sec. 855.

The denial of a motion made by the defendant, to order the names of the petit jurors to be put in the box and drawn therefrom is not error. State vs. Kennedy, 11 An. 479.

The practice is to call the jury from the list, and in the order in which they are numbered. State vs. Washington, 37 An. 828.

*N. N. Sims* for Defendant and Appellant:

Under our law, the grand jury must be composed of sixteen good and true men—that is, of persons possessing all the prescribed legal qualifications. One of these is that he shall be a citizen of the United States. Act of 1880, No. 54.

2.  The selection of an incompetent person as a member of the grand jury vitiates the entire panel. A grand jury so organized can not find a valid indictment. The objection may be made at any time before plea. 36 An. 193; 8 Rob. 513; *Ibid*, 616; 21 An. 551.

3.  The discharge of an incompetent juror from further service as a member of the grand jury can not legalize that already vitiated body. There is no law or authority in this State which warrants a judge in discharging one member of the grand jury. To discharge one he must discharge all of them. In the eye of the law, the incompetent juror, Nocentelli, was a member of that grand jury until its final discharge by the court. And his constructive presence vitiated the second indictment.

4.  It was error to refuse to permit the names of jurors selected to try the case, to be drawn from the jury box provided for that purpose. Act No. 44, of 1877; Sec. 6; 36 An. 334.

The opinion of the court was delivered by

BERMUDEZ, C. J.   The defendant was prosecuted for murder, convicted and sentenced to the extreme penalty.

On appeal, it is claimed, that the true bill against him was returned by a body of men who did not constitute the grand jury, whom, under the Constitution, an indictment could have been by legally found against him.

The charge is made, that the trial judge erred in not sustaining a motion to quash the indictment, because one of the panel of *sixteen* had been set aside by the court after impanelment, by reason of his disqualification as an alien, in consequence of which the grand jury never had a legal existence.

A similar objection was raised by the defendant in the case of the State vs. Causey, just decided, in which it was held that the motion to quash had been properly overruled.

For the same reason we must hold alike in the present instance.

The next objection is, that there was error in the court refusing to order that the names of the petit jurors on the list in the hands of the sheriff be placed in the box and drawn therefrom.

We know of no law, and have been referred to none, requiring such action. We have examined the authorities referred to (Section 6 of Act 44 of 1877, and State vs. Brooks, 36 An. 334), but fail to find that they apply and relieve the defendant.

On the other hand, we find that in State vs. Kennedy, 11 An. 479, a similar question was considered. It was there said:

" We have already intimated that the court did not err in refusing to put the names of the jurors in a hat or a box and draw them

therefrom. This is done by statute in England, in ordinary cases only, but even there, in those cases where the list is served on the accused, they call from the list in its order, but the accused has so little of a vested interest, so to speak, in the jurors that the State always exercised the arbitrary right of setting aside any of the jurors on the panel until it is gone through with, whereupon the jurors set aside are then called, and, if not challenged by the accused, they are sworn, unless cause is shown on behalf of the crown. Wharton, Cr. L. 839, note V.

" Such is still the practice in the United States courts, and such was the practice in this State, from the passage of the act requiring the indictment and list of jurors to be served on the accused, until the enactment of the Statute of 1837, page 42, which took from the State the power to set aside jurors and gave in lieu thereof six peremptory challenges. If it was not error in the State to set aside the jurors as called, at its pleasure, under the Act of 1804, it can not be error now, under the same statute, for the judge simply for a cause tending to facilitate the transaction of the public business, to commence at a particular number on the list and call the names consecutively until a petit jury is formed or the pannel exhausted."

This ruling was not modified by any subsequent legislation, and the announcement thereby made was indorsed in the case of State vs. Kennedy, 37 An. 828, in which it was held that a complaint that the jurors were not called in the order in which their names appeared on the jury list, was ill-founded, thus recognizing the use of the list.

.The bill of exceptions taken to the rulings of the judge shows that he thus held " on the ground that such was the usual mode of calling and selecting members of the petit jury."

The correctness of the statement that such was the prevailing local practice, is not attacked. Silence in such a case implies an admission that such was the fact, and is decisive of the question, in the absence of contrary adverse infringed legislation.

Judgment affirmed.