## No. 11,246.

### THE STATE OF LOUISIANA VS. PIERRAULT LITTELL ET ALS.

Under the laws of Louisiana, all parties present aiding and abetting at the commission of a felony are principals therein.

An indictment, in a separate count which charges that certain persons were present aiding and abetting another in the commission of a felony, charges them as principals therein.

APPEAL from the Eleventh District Court, Parish of St. Landry. *Perrault, J.*

*M. J. Cunningham*, Attorney General, for the State, Appellee.

*Estilette & Dupré* and *E. P. Veazie* for Defendant and Appellant.

-The opinion of the court was delivered by

McENERY, J. One of the defendants, Jack Hardy, was indicted under Sec. 791, Revised Statutes, and was tried and convicted and sentenced to one year's imprisonment at hard labor. He filed a motion in arrest of judgment, and complains that he has been wrongfully indicted in being charged as an aider and abettor instead of as principal; that the statute under which he was indicted is silent as to aiders and abettors; that the language of the statute makes the offence personal, and excludes the idea of accessorial guilt.

The motion was overruled and the defendant appealed.

The indictment is as follows:

" STATE OF LOUISIANA,  }
   " Parish of St. Landry. ∫

" In the name and by the authority of the State of Louisiana, the grand jurors of the State of Louisiana, duly empanneled, sworn and charged to inquire within and for the body of the parish of St. Landry, State aforesaid, upon oath do present:

" That at the parish of St. Landry on the 31st day of October, A. D. 1892, one Pierrault Little, feloniously, wilfully and of his malice aforethought, did shoot one Ben Wilson and one Mark Bates, with a dangerous weapon, to-wit, a pistol, with the intent then and there, them, the said Mark Bates and Ben Wilson, feloniously, wilfully and of his malice aforethought, to kill and murder. And the grand jurors aforesaid, on their oath aforesaid, do further present that Jack Hardy, Bastian Joseph, Man Fischer and Alcide Lewis, on the day and year aforesaid, at the parish aforesaid, feloniously were present aiding, abetting and assisting the said Pierrault Little the felony aforesaid to do and commit, contrary to the form of the statute of the State of Louisiana in such cases made and provided, in contempt of the authority of said State, and against the peace and dignity of the same.

" E. B. DUBUISSON,

*"District Attorney Eleventh Judicial District of Louisiana."*

Under the laws of this State all parties present aiding or abetting in the commission of a felony are principals therein. State vs. Prudhomme, 25 An. 523; State vs. Blackman, 35 An. 483.

The defendant was charged in the indictment as principal, as it is averred therein that he was present, aiding and abetting in the commission of the offence.

Defendant relies upon State vs. Hendry, 10 An. 207. This case was overruled or greatly modified in the case of State vs. H. B. Ellis, 12 An. 390. In the latter case the court said:

" But two of the defendants, *Derby* and *Edrington*, contend that they should be discharged because they are accused as aiders and abettors to a crime (inflicting a wound less than mayhem) which does not admit of accessories, and they rely upon the case of State vs. Hendry, 10 An. 207. But these parties are indicted as principals in the same count with other defendants, so that the case of State vs. Hendry is not altogether in point.

State vs. Littell et als.

"Moreover, on reviewing that case, we are not satisfied with its doctrine in the full extent to which it seems to have been carried. A person present aiding and abetting the commission of an offence is a principal, and may be punished as such."

Sec. 11, Acts of 1855, page 149.

The indictment against the defendant is in the form of an indictment against a principal in the second degree, and we are of opinion that it was eminently proper that it should have been so framed. Principals in the first degree and those in the second are under the common law equally guilty, and in practice the distinction is immaterial, and one indicted as principal in the first degree, on proof that he was present aiding and abetting another in committing the offence, will support the indictment, and if he be indicted as principal in the second degree, proof that he was not only present, but committed the offence with his own hand, will support the indictment.

When an offence is punishable by statute which makes no mention of principals in the second degree, such principals are within the meaning of the statute as much as the parties who actually commit the offence. Archbold Cr. Pr. and Pl., Vol. 1, pp. 66, 67.

Mr. Archbold concludes the section partially quoted above as follows:

"But although a principal in the second degree may be convicted and punished upon an indictment charging him as having committed the offence, yet, as a grand jury, ignorant of this rule of law, may by mistake imagine in such a case that the evidence does not support the indictment, and ignore the bill, it may be thought convenient in some cases to indict the aider and abettor in felony, as such. The following may be the form of an indictment against a principal in the second degree." And he gives the form, after stating the offence of the principal in the first degree.

This form was followed in the indictment in the case at bar.

As all the defendants were principals, whether present aiding and abetting, or personally committed the offence, the indictment was framed so as to meet the exigencies of the case. They were all equally guilty and all were principals and subjected to the same punishment.

Charging them as aiders and abettors was indicting them in the same indictment, although there are two counts, as principals.

Judgment affirmed.