(71 South. 860)

No. 21533.

STATE v. ASHWORTH et al.

(Nov. 2, 1915. On Rehearing, April 3, 1916. Rehearing Denied May 22, 1916.)

*(Syllabus by the Court.)*

1. SELECTION OF TALES JURORS—STATUTORY PROVISION.

The purpose of the Act No. 182 of 1914, amending section 11 of Act No. 135 of 1898, was to relieve the sheriff of authority to select the tales jurors necessary for the trial of a criminal case.

2. SELECTION OF TALES JURORS—STATUTORY PROVISION.

In the impaneling of a jury or completing the panel from the tales jurors, the slips drawn from the tales jury box according to the provisions of the Act No. 182 of 1914 should be drawn by the clerk of court (after the tales jurors have been summoned by the sheriff) in the same manner that the regular jurors are impaneled and as tales jurors were drawn after being summoned under section 11 of Act No. 135 of 1898.

Land, J., dissenting.

*(Additional Syllabus by Editorial Staff.)*

On Rehearing.

3. JURY ⬡⟲72(3)—IMPANELING JURY—PROCEDURE.

Since Act No. 182 of 1914, amending Act No. 135 of 1898, § 11, prescribing the manner of drawing juries, does not require that for calling the tales jurors to be sworn on their voir dire after they have been summoned and appeared the names shall be drawn from a box, there was no irregularity in the sheriff's calling the jurors from the list which had been made of their names as they were drawn from the tales box.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 340–342, 347; Dec. Dig. ⬡⟲72(3).]

4. JURY ⬡⟲72(3)—IMPANELING JURY—POWER OF DEPUTY CLERK.

Under Act No. 43 of 1882 and Act No. 220 of 1902, authorizing deputy clerk to exercise all the powers granted to clerks of courts, a deputy clerk may act for the clerk in drawing a tales venire from the tales jury box, there being no restriction on the general power granted to deputy clerks except as to the general venire, in the drawing of which Act No. 135 of 1898, § 3,

prescribes that the chief deputy alone may replace the clerk.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 340–342, 347; Dec. Dig. <span>&cir;&#8594;72(3).</span>]

5. CRIMINAL LAW <span>&cir;&#8594;1144(9)</span>—APPEAL—REVIEW—PRESUMPTIONS.

Under Rev. St. § 667, authorizing the appointment of a deputy coroner in case the coroner is sick or necessarily absent, the sickness or necessary absence of the coroner will be presumed where the deputy coroner has acted in holding inquest, unless the bill of exceptions shows the contrary.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. <span>&cir;&#8594;1144(9).</span>]

6. WITNESSES <span>&cir;&#8594;393(3)</span>—IMPEACHMENT—INCONSISTENT STATEMENTS — FORMER TESTIMONY.

The sworn testimony of a witness at a coroner's inquest may be read on the trial to discredit the witness.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1254; Dec. Dig. <span>&cir;&#8594;393(3).</span>]

7. WITNESSES <span>&cir;&#8594;380(5)</span>—EXAMINATION—REFERENCE TO FORMER TESTIMONY.

A district attorney may on the trial read to his own witness from his sworn testimony taken down at the coroner's inquest and ask whether he is not now making a different statement.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1214, 1219; Dec. Dig. <span>&cir;&#8594;380(5).</span>]

8. CRIMINAL LAW <span>&cir;&#8594;80</span>—PARTIES—PRINCIPAL.

One aiding and abetting may be separately indicted as principal.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 103–111, 1384; Dec. Dig. <span>&cir;&#8594;80.</span>]

9. CRIMINAL LAW <span>&cir;&#8594;1124(1)</span>—APPEAL—RECORD—QUESTIONS PRESENTED FOR REVIEW.

Grounds for a new trial based on facts which are not brought up cannot be considered on appeal.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2939, 2947; Dec. Dig. <span>&cir;&#8594;1124(1).</span>]

O'Niell, J., dissenting.

Appeal from Thirteenth Judicial District Court, Parish of Rapides; W. F. Blackman, Judge.

Camillus Ashworth and another were convicted of manslaughter, and appeal. Affirmed.

Perrin & Perrin, of Jena, for appellants. R. G. Pleasant, Atty. Gen., and John R. Hunter, Dist. Atty., of Alexandria (G. A. Gondran, of New Orleans, of counsel), for the State.

O'NIELL, J. The defendants, Camillus Ashworth and Valentine Ashworth, were indicted and tried for murder, were convicted of manslaughter, sentenced to imprisonment in the penitentiary for the terms of 15 years and 21 years, respectively, and have appealed.

The first bill of exceptions recites that, after the regular venire of jurors was exhausted, the court ordered that the names of 30 tales jurors be drawn from the tales jury box, and that, before all of the tales jurors whose names were drawn came into court, the judge ordered the impaneling of the jury to be proceeded with, and the sheriff called jurors from the audience, whose names were not drawn from the envelope or from the tales jury box.

It is not true that the names of the tales jurors who were called from the audience by the sheriff had not been drawn from the tales jury box. The counsel who drafted this bill of exceptions evidently meant to say that the 30 slips drawn from the tales jury box, or the slips bearing the names of those who appeared in response to the sheriff's summons, were not thereafter placed into a box and again drawn by the clerk, but that the sheriff called from the list made by him of the names that had been drawn from the tales jury box the tales jurors who were impaneled on the jury. The statement per curiam explains this, viz.:

"I ordered the deputy clerk to draw from the jury box the names of the tales jurors in the presence of the court. The sheriff made a list of said jurors as they were drawn. When seven or eight of the jurors reported, I ordered the trial to be proceeded with. The sheriff called names of the tales jurors from the list of those present, and the trial was proceeded with."

To which the defendants' counsel objected, and reserved a bill of exceptions.

[1, 2] It has been observed by this court

that the manifest purpose of the Act No. 182 of 1914, amending section 11 of Act No. 135 of 1898, was to relieve the sheriff of his authority to select the tales jurors for the trial of a criminal case. And it has been said that the sheriff is not to determine who or how many of the tales jurors whose names have been drawn he will summon from the list handed to him. See State v. Anderson, 136 La. 265, 266, 66 South. 966. Hence it seems that after the clerk has drawn from the tales jury box the number of names ordered by the judge, and when a sufficient number of those drawn, in the discretion of the judge, have appeared in response to the sheriff's summons, their names should be put into a box and drawn out by the clerk in the same manner in which tales jurors were drawn for service on the jury before section 11 of the Act No. 135 of 1898 was amended by the Act No. 182 of 1914, and as the regular jurors are impaneled. We cannot assume that the Legislature intended, by the Act No. 182 of 1914, to do away with the drawing by the clerk of court of the names necessary to complete the jury from the names of those summoned as tales jurors, and permit the sheriff to select or call them from his list.

It is unnecessary to consider the other bills of exception reserved by the defendants.

The verdict and sentence appealed from are annulled, and it is ordered that this case be remanded to the district court for a new trial.

LAND, J., dissents.

### On Rehearing.

PROVOSTY, J. [3] On reconsideration the court has concluded that, inasmuch as the statute prescribing the manner of drawing juries does not require that for calling the tales jurors to be sworn on their voir dire after they have been summoned and have appeared their names shall be drawn from a box, there was no irregularity in the sheriff's calling said jurors from the list which had been made of their names as the same were drawn from the tales box.

[4] Bill of exception No. 2 presents the point whether a deputy clerk may act for the clerk in drawing a tales venire from the tales jury box. Act 43, p. 54, of 1882, and Act 220, p. 450, of 1902, authorize deputy clerks to "exercise all the powers granted to clerks." This general authority necessarily includes that of drawing juries; and we know of no restriction upon it except as to the general venire, in the drawing of which the chief deputy alone may replace the clerk. Section 3 of Act 135, p. 216, of 1898.

Bill No. 3 involves the two questions whether a deputy coroner may act in place of the coroner in holding an inquest, and whether the sworn testimony of a witness taken down at the coroner's inquest may be read to the jury on the trial of the case for the purpose of impeaching the witness.

[5] Section 667, R. S., authorizes the appointment of a deputy coroner, in case the coroner is sick or necessarily absent. In State v. Duffy, 39 La. Ann. 422, 2 South. 184, it was held that the sickness or necessary absence of the coroner will be presumed unless the bill of exception shows the contrary; and the bill of exception in the instant case does not make this contrary showing.

[6] The second question is answered by the decision in State v. Munholland, 16 La. Ann. 376, where it was held that:

"The testimony of a witness before an inquest may be admitted to discredit his testimony at the time of trial."

[7] Bill No. 4 presents the question whether the district attorney may, on the trial, read to his own witness from the sworn testimony of the witness as taken down at the coroner's inquest and ask the witness whether he is not now making a different statement.

The answer is that he may. Marr's Crim. Juris. § 446, p. 758.

Bill No. 5 contents itself with the bare and naked recital that the following charge:

"That a verdict of guilty in this case would act as acquittal of another person charged in a separate indictment with the same crime"

—was asked to be given, and was refused. This court, not being informed of the pertinency of the charge, is not in a position to say whether the refusal to give it was error. State v. Haywood, 121 La. 862, 46 South. 889.

[8] Bill No. 6 raises the question whether one present aiding and abetting may be separately indicted as a principal.

Being a principal (State v. Littell, 45 La. Ann. 655, 12 South. 750), he may, of course, be indicted as such.

[9] The motion for a new trial as to its first, second, and third grounds is based upon facts which are not brought up, and which therefore cannot be considered. And the fourth ground is the same presented by bill of exceptions No. 1, and already passed on.

The objection to the sufficiency of the bills is without merit, in view of the very full and satisfactory per curiams.

On all points, except as to the drawing of the jury, the right to apply for a rehearing is reserved.

Judgment affirmed.

O'NIELL, J., dissents.