the danger, plaintiff must be held to have assumed that risk. In the case just cited, the court said:

He "was well aware that there were no turntables on a portion of the route, a fact which compelled the defendants to reverse the engine on the return of the train. * * * He, therefore, took upon himself the risks incident," etc.

The judgment rejecting plaintiff's demand is affirmed.

(82 South. 197)

No. 23374.

STATE v. WALTERS.

(March 3, 1919. Rehearing Denied June 2, 1919.)

*(Syllabus by Editorial Staff.)*

1. CRIMINAL LAW ⟨⟩1064(1) — APPEAL — GROUNDS FOR NEW TRIAL—SUFFICIENCY.

Bill of exceptions referring to the overruling of defendant's motion for a new trial, which motion was based on the allegation "that the verdict of the jury is contrary to the law and the evidence, and the same should be set aside and annulled for these reasons, and because of the billing of exceptions previously reserved to the rulings of the court," presents nothing for the Supreme Court to review.

2. HOMICIDE ⟨⟩166(2) — MOTIVE—EVIDENCE ADMISSIBLE.

Testimony to the effect that accused and deceased had had a difficulty about four miles from the scene of the homicide and five months previous to the homicide was admissible for the purpose of proving motive.

3. WITNESSES ⟨⟩255(9)—REFRESHING RECOLLECTION—CORONER'S INQUEST.

Where witness testified that he knew nothing about the homicide, that he was drunk at that time and for three days thereafter, and that he did not remember any of the circumstances or that he had testified before the coroner, *held* error for district attorney to read aloud before the jury testimony of the witness given before the coroner for alleged purpose of refreshing recollection of the witness, though witness admitted that his name was signed thereto.

4. WITNESSES ⟨⟩380(5) — IMPEACHMENT OF OWN WITNESS.

To warrant impeachment of a party's own witness, the party must show surprise, and the witness must testify expressly to facts directly contradictory to his prior statements, and that he seems ignorant of facts he was expected to prove is insufficient to warrant such impeachment.

Appeal from Sixteenth Judicial District Court, Parish of St. Landry; B. H. Pavy, Judge.

Davis Walters was convicted of manslaughter, and appeals. Reversed and remanded.

L. Austin Fontenot and John W. Lewis, both of Opelousas, for appellant.

A. V. Coco, Atty. Gen., and R. Lee Garland, Dist. Atty., of Opelousas (Thomas W. Robertson, of New Orleans, and Peyton R. Sandoz, of Opelousas, of counsel), for the State.

SOMMERVILLE, J. Defendant was charged with murder and convicted of manslaughter. He appeals from the verdict and sentence imposed.

[1] Bill of exceptions No 1: This bill refers to the overruling of defendant's motion for a new trial, which motion was based on the allegation "that the verdict of the jury is contrary to the law and the evidence, and the same should be set aside and annulled for these reasons, and because of the billing of exceptions previously reserved to the rulings of the court." The bill presents nothing for this court to review.

[2] Bill of exceptions No. 2: This bill is reserved to the overruling of defendant's objection to the testimony of a witness to the effect that the accused and the deceased had had a difficulty about four miles from the scene of the homicide, which difficulty was had some five months previous to the homicide. In offering the evidence, the district attorney said that it was for the purpose of proving motive. The evidence was competent for such purpose; and it was properly admitted.

[3, 4] Bill of exceptions No. 3: This bill is reserved to the reading to a witness for the state, in the presence of the jury, and over

objections by the defendant, of his testimony before the coroner's jury, for the alleged purpose of refreshing the memory of the witness.

The testimony of the witness is in the record, and is to the effect that he knew nothing whatever about the homicide; that he was so drunk at that time and for three days thereafter that he did not remember any of the circumstances or that he had testified before the coroner. The district attorney expressed surprise at this attitude on the part of the witness, and asked the witness to take the written testimony which he tendered to him, to read it, and to say whether he had given that testimony before the coroner's jury. The witness read it, admitted that his name was signed thereto, but said that he did not remember any of the circumstances and that he did not remember having testified before a coroner's jury. The witness did not give any evidence whatever on the trial of the cause. He simply answered that he knew nothing at all of the facts of the case. Under such circumstances he should have been told to stand aside. He had given no evidence to be impeached by the district attorney. The state says on its brief: "It was not an attempt by the state to impeach its own witness," and it could not have been tendered for that purpose, for the reason that the witness had not testified to anything connected with the case. It was therefore not competent for the district attorney to use the written statement which he held in his hand during the trial, and read it aloud before the jury. The statement is in the record, and it is very damaging against the defendant; but it was not evidence in the case. It was well calculated to have a prejudicial effect upon the minds of the jurors, although the judge instructed the jury to disregard the statement.

"The party must first show that the evidence, as given, has taken him by surprise. The witness may then be asked if he has made contradictory statements out of court; the times, places, and circumstances of the statements being described to him in detail. But the fact that a witness, when on the stand, seems ignorant of some or all of the facts he was expected to know, will not permit the examining party to prove that he made the desired statements out of court. In order that one's witness may be contradicted, mere silence or ignorance on his part is not enough. The witness must testify expressly and in terms to facts which are in direct contradiction to his prior extrajudicial statements." Underhill on Criminal Evidence, p. 229 et seq.

The ruling of the district judge in permitting the district attorney to read the statement aloud to the witness in the presence of the jury was erroneous. There is reversible error in the ruling.

It is therefore ordered, adjudged, and decreed that the verdict and sentence be annulled, avoided, and set aside; and the case is remanded to be tried in accordance with law.