ST. PAUL, J.
 

 The defendant was convicted of forgery. Of the 24 bills taken by him Nos. 16, 18, and 19 are not mentioned in brief or argument, and are therefore abandoned; moreover, they are without merit.
 

 Bill No. 1 was taken to the refusal of the trial judge to grant a continuance on the ground that (1) defendant had not sufficient time to prepare his defense; (2) that “certain documents” necessary for his defense were
 
 *441
 
 out of the jurisdiction of the court and could not he inspected; and (3) that a material witness was absent. In his per curiam the trial judge says (1) that defendant had ample time to prepare his defense; (2) that no documents were described or reasons given why they could not be inspected, and all necessary documents were used on the trial; and (3) that the missing witness appeared and testified.
 

 Bill No. 2 was taken to the refusal to •quash the information. We think the information was sufficient. It charged that defendant “did forge a certain instrument purporting to be the will and testament of one Drauzin Ducre, bearing date March 13th, 1928, with the felonious intent thereby to defraud, contrary,” etc. It is in the form required by article 235 of the Code of Criminal Procedure, to wit, “A. B. forged a certain instrument purporting to he,” etc. It was not necessary to set forth the name of the person intended to be defrauded. State v. Gaubert, 49 Da. Ann. 1692, 22 So. 930.
 

 Bill No. 3 was to the refusal to order a bill of particulars. In our opinion, defendant was given all the particulars needed for his defense, to wit, that he forged the instrument purporting to be the will of Drauzin Ducre dated March 13, 1928.
 

 Bill No. 4 was taken to the refusal of the trial judge to order the petit jury called by drawing of lots, and instead thereof called them according to the order in which they came on the list drawn by lot in accordance with section 4 of Act No. 135 of 1898 (now Act No. 58 of 1904). This court has several times had occasion to consider the propriety of drawing petit juries in this manner, and has approved the same. State v. Kennedy, 11 La. Ann. 479; State v. Washington, 37 La. Ann. 828; State v. Woodson, 43 La. Ann. 905, 9 So. 903; State v. Mitchell, 119 La. 374, 44 So. 132; State v. Ashworth, 139 La. 590, 71 So. 860. But it is unnecessary to consider that point in this case, for all the jurors on the list were called, and even resort had to talis jurors. Hence it made no possible difference in what manner the jurors were called, for all were called and the defendant suffered no injury.
 

 Bill No. 5 was taken to the refusal to order the state’s attorney to make an opening statement to the jury. The state’s attorney read the information and the statute on forgery. The trial judge thought this was enough, and, since the law does not define the nature of the opening statement of the prosecuting attorney beyond “explaining the nature of the charge and the evidence by which he expects to establish the same” (Code Cr. Proc. art. 333), we are of opinion that the scope and extent of such opening statement is within the control of the trial judge in the exercise of his own sound discretion. State v. Nahoun, 172 La. 83, 133 So. 370.
 

 Bills Nos. 6 to 10 were taken to the refusal of the trial judge to exclude all evidence on the ground that no opening statement had been made by the district attorney. They are without merit.
 

 Bills Nos. 11 to 15 were taken to the refusal of the trial judge to exclude the evidence of certain witnesses on the ground that they were not qualified to testify as to the handwriting of the deceased, but the trial judge properly allowed all such matters to go to the jury, as they were the proper judges of the effect to be given to all testimony touching the guilt or innocence of the accused. Several of said witnesses testified merely as to the physical condition of the deceased at the time the will was alleged to have been made.
 

 
 *443
 
 Bills Nos. 16 to 22 were all reserved to the refusal of the trial judge to give certain special charges asked for by the defendant. But the matter contained in said special charges were all fully covered by the general (written) charge of the court.
 

 Bills Nos. 23 and 24 were reserved (o the refusal to grant a new trial and arrest judgment. They present nothing new except an objection to the fact that the prosecution was conducted by one of the Assistant Attorney Generals instead of by the district attorney. This objection, even if well founded, comes too late after verdict. An accused cannot take his chances for a verdict of acquittal and thereafter complain that he should have been prosecuted by another prosecutor. But his objection is without merit. Under the Constitution of 1921, art. 7, § 56, the Attorney General and his assistants have supervisory jurisdiction over all district attorneys, and may institute, prosecute, or intervene in any criminal proceeding.
 

 Decree.
 

 The judgment and sentence herein appealed from are therefore affirmed.
 

 ROGERS, J., concurs in decree.