182 So. 546

STATE v. BUTLER.

No. 34780.

May 30, 1938.

Gill & Simon, of New Orleans, for appellant.

Gaston L. Porterie, Atty. Gen., James O'Connor, First Asst. Atty. Gen., Bolivar E. Kemp, Jr., Dist. Atty., of Amite, and Joseph M. Blache, Jr., Asst. Dist. Atty., of Hammond, for the State.

ODOM, Justice.

The defendant was prosecuted for assaulting another by wilfully shooting at him, a crime denounced by Section 792 of the Revised Statutes as amended by Act 9 of 1912. He was convicted as charged, sentenced to hard labor, and has appealed.

We find in the record eleven bills of exception, some of which seem to have been abandoned, as they were not discussed in oral argument before the court and are not referred to in counsel's brief.

Bill of Exception Number 1 was taken to the manner in which the jurors were called for service at the trial. Instead of calling the jurors by lot or chance from the jury box, the sheriff called them from the jury list, beginning at number one. Counsel for defendant objected to this method of calling the jurors, contending that the slips on which were written the names of the thirty jurors summoned for service during the week should be emptied into the jury box and drawn therefrom by the sheriff by lot or chance. The trial judge overruled the objection, stating in his per curiam that the method pursued was one which had prevailed in his court for many years, and further that the objection urged came too late, as some of the jurors had already been selected without objection.

Counsel for defendant has filed in this court a very able brief in support of his contention that it is improper for the sheriff to call the names of the jurors from the list prepared by the jury commission. His contention is that it was never contemplated that such should be done, but on the contrary the provisions of the Code of Criminal Procedure clearly contemplate that the sealed envelopes containing the names of the petit jurors are to be opened in open court and the slips therein emptied into the jury box and drawn therefrom by lot or chance, as they are needed. He cites the following paragraph appearing in Article 182 of the Code of Criminal Procedure:

"These sealed envelopes, with the one containing the list of grand jurors, shall be placed in a box to be provided for the purpose, labeled 'Jury Box,' which shall be locked and sealed and placed in the custody of the clerk for use at the next session of the court, subject to the orders of the District Judge, as hereinafter provided."

This provision of the Code is copied literally from the jury acts in force prior to the adoption of the Code.

There are several decisions which state in a general way that, in as much as there is no special requirement that the names of petit jurors be drawn from the box by lot

or chance, there is no impropriety in calling the names from the list prepared by the jury commission. A statement to that effect is found in the case of State v. Ducre, 173 La. 438, 137 So. 745, where several earlier cases were cited. But that case is not authority on the point, for the court said (page 746):

"But it is unnecessary to consider that point in this case, for all the jurors on the list were called, and even resort had to tales jurors. Hence it made no possible difference in what manner the jurors were called, for all were called and the defendant suffered no injury."

One of the cases cited in State v. Ducre is State v. Woodson, 43 La.Ann. 905, 9 So. 903, where the question whether the names might be called from the list was squarely presented, and the court held that there was no irregularity in that method. The jury act in force at that time was No. 44 of 1877. That act prescribed in detail the method of selecting jurors for the general venire box which was to contain 300 names. As relates to the drawing of the names of jurors to serve on the panel for each jury week, the act provided that the clerk and the commission should place the ballots for each separate week in envelopes "and seal and indorse the same with the week for which they are respectively drawn, and the whole shall by them be placed in a jury box to be provided for the purpose, which, after the names are so deposited, shall be sealed and locked and placed in the custody of the Clerk of the court *for use at the next term of court."* (Italics are ours.)

In State v. Woodson, supra, the court did not refer to, or explain, the meaning of the last above paragraph quoted from the act. But, merely because the act did not specifically prescribe the method of calling the names of the petit jurors, it was held that they might be called from the list.

We think the question deserves more serious consideration than was given it in that or any other case of which we have any knowledge. The provisions in the act of 1877 and subsequent acts and the Code of Criminal Procedure that the envelopes containing the names of the jurors are to be deposited in the jury box "for use at the next term of court", cannot be said to have no meaning at all. If the names of the jurors are to be called from the list, there would seem to be no reason why the envelopes containing the names should be deposited in the jury box "for use at the next term of court". It is reasonable to assume that the legislature intended that the names placed in the box should be used in the selection of a petit jury, and that in calling the jury the names should be taken from the box and called, and not called from the list. It is common knowledge that this is the method followed in all the country parishes except in one and possibly two judicial districts. The Code specifically provides, as did former acts of the legislature, that in the City of New Orleans the names of jurors are to be drawn by the sheriff from the box by lot or chance, and, as we have said, that is the way they are drawn in the country parishes generally.

It is argued by counsel for defendant, and there is merit in the argument, that serious injustice may result, either to the State or to a defendant, from the practice of permitting the sheriff to call the names of the jurors from the list furnished by the jury commission and advertised as the law provides.

■ However, under the circumstances shown to exist in this case the verdict and sentence must be affirmed. The facts are that the defendant was tried by a jury of five. After six jurors were called for examination and after four of them had been accepted and sworn, counsel for defendant raised the objection that the jurors were being called by the sheriff from the list, whereas their names should have been drawn from the box. The judge overruled the objection for two reasons, the first being that the objection was not raised at the commencement of the drawing of the jury, the second being that the names were drawn according to custom.

Counsel for defendant says in his brief that he did not observe, until after the six jurors had been called for examination, that the names were being called by the sheriff from the list and that he was surprised when he observed the method followed by the sheriff. After the six jurors were called, counsel for defendant requested the trial judge to order a mistrial and dismiss those jurors already selected and sworn. This request was refused, and counsel reserved a bill to the calling of six additional jurors for examination. The latter six were challenged by counsel "for

cause," the "cause" apparently being that it was improper to proceed further with the trial. These jurors were not peremptorily challenged. In fact, the record does not disclose that counsel for defendant exhausted any of the six peremptory challenges allowed the defendant by law. It does not appear that defendant was forced to accept any obnoxious jurors or that any of the jurors excused for cause were incompetent. Not having exhausted his peremptory challenges, he has no ground of complaint. He has suffered no injury. Counsel accepted the first four jurors without complaint. Evidently these were satisfactory to him regardless of the method by which they were called. If the fifth juror called was objectionable to him, he still had all his peremptory challenges and could have excused the juror. (See Article 353, Code of Criminal Procedure.)

■ Bills Number 1, 2, 4, 5, 6, 7 and 8 all relate to the method of calling the jury and have been disposed of. Bill Number 3 recites that, after counsel for defendant had objected to the method of selecting the jury, the district attorney made the following statement:

"This is a regular list of jurors drawn for term of Court beginning Monday, December 13, 1937. They were selected by lot and numbered as drawn."

It recites that counsel for defendant objected to this statement's being entered upon the record for the reason that the jury list speaks for itself and the method of its selection and drawing is of no moment at this time. We see no merit in this bill.

Bill Number 9 recites that, during the course of his argument before the jury, the district attorney said:

"When a man's actions show that he acted without real reason, then that man's actions are illegal and unlawful."

This statement by the district attorney was made while commenting on the testimony. It merely expressed the view of counsel and was legitimate argument.

Bill Number 10 was reserved to the ruling of the court refusing to grant a new trial. The bill recites that the motion for a new trial "set forth many of the errors complained of and in particular made reference to certain parts of the evidence pertinent to the question of guilt or innocence of your defendant". The motion for a new trial is in the record. It is written in seventeen sections, the majority of them relating solely to the proposition that the verdict was contrary to the evidence adduced at the trial. Whether the evidence was sufficient to support the verdict is a matter with which this court has nothing to do. Reference is also made in this motion to the method of calling the jurors. In so far as the method of calling the jurors is concerned, we have disposed of that objection already.

After conviction and before sentence, counsel for defendant filed a motion in arrest of judgment. The motion was overruled, and a bill was reserved. This bill has been abandoned.

The verdict and sentence are affirmed.

FOURNET, J., dissents.

O'NIELL, C. J., does not take part.